BLANCHE, Judge.
Plaintiff, John Lawrence Farkas, filed suit against his wife, Diana H. Farkas, seeking a separation on the grounds of cruelty. Thereafter, defendant, Diana H. Farkas, filed an answer and reconventional demand asking for a separation on the grounds of abandonment and cruelty, together with a rule seeking alimony pen-dente lite. After the rule was heard, Diana Farkas was awarded alimony of $125.00 per month. The case was then tried on the merits and taken under advisement by the court. Subsequently, without setting forth any oral or written reasons, the trial court granted a judgment of separation in favor of the husband, ordered that the husband cease paying alimony as of the date of the judgment and dismissed the wife’s reconventional demand. From this judgment, defendant (and plaintiff in reconvention) suspensively appealed.
The principal assignment of error on appeal is the failure of the trial court to find appellee-husband guilty of abandonment or cruelty entitling his wife to a judgment of separation. Our determination of this issue favorably to appellant-wife disposes of all other issues presented by this appeal.
The record reveals that appellee, John Farkas, and appellant, Diana Farkas, were married in Baton Rouge, Louisiana, on December 19, 1970, and thereafter established their matrimonial domicile in Hammond, Louisiana, next door to appellee’s parents. During this time Diana Farkas attended Southeastern University, whereas her husband was employed by the T. G. & Y. Store in Hammond as an Assistant Manager Trainee.
The testimony of Diana Farkas as well as that of her mother, Mrs. Warren Hen-dry, indicates that Diana Farkas’ mother-in-law exhibited a hostile attitude toward her daughter-in-law. Because of this attitude, Diana Farkas sought to have her husband provide a home for her more distant from that of his mother’s. John Far-kas acknowledged that his mother had developed a hostile attitude toward his wife, and both parties stated that their quarreling in the weeks prior to their separation centered primarily around moving from next door to his mother. Diana Farkas stated they discussed moving on approximately May 1, 1971, and after agreeing to move she began house hunting. However, John Farkas denied that he considered moving away, because his wife “had agreed to stay until she had graduated, for financial reasons.” The record reflects that there was no financial reason to prevent them from moving.
The evidence shows that Diana Farkas did not have the slightest idea of her husband’s intention to leave her. On May 9, 1971, Mother’s Day, John Farkas presented his wife a card acknowledging his love for her. On her birthday, May 12, 1971, John Farkas likewise presented his wife a card, which expressed his love for her, together with a present, and took her out to dinner. Both parties acknowledged that they had intercourse the night before appellee left the matrimonial domicile on the next morning.
On Monday, May 17, 1971, John Farkas took his wife to class as was customary and kissed her goodbye, saying he would pick her up at noon. However, at noon Diana Farkas’ parents appeared instead, at which time her father explained that her husband had asked them to pick her up be *723 cause he was leaving. When Diana Far-kas returned to her home, she found a note from her husband which again expressed his love for her and told her he was leaving town. In our view, the note amounted to an apology for leaving.
Several days prior to leaving, according to John Farkas’ testimony, he had consulted an attorney, and he wrote a check for $540 on May 15, 1971, withdrawing most or all of the money from their bank account.
Diana Farkas spent the night of May 17, 1971, at their home in Hammond, hoping her husband would call or return. However, she did not hear from him until the following Thursday after he left when the separation suit he had filed was served on her. She moved in with her parents in Baton Rouge on May 18, 1971, and has remained there ever since.
John Farkas testified that after he left the matrimonial domicile he moved to Birmingham, Alabama, and obtained a job at the T. G. & Y. Store there. When his wife learned of his whereabouts, she talked to mutual friends and persuaded them to go to Birmingham to attempt a reconciliation between her husband and herself. Although they did go to see him, he did not return, nor did he answer the letter she wrote him during this time after he left.
Friends of the parties were called by Diana Farkas, and none had any knowledge of any difficulties between them.
John Farkas’ chief justification for leaving his wife was that she was hard to get along with. Appellee’s other complaints concerning his wife were that she did not keep a neat house, did not treat his friends to his liking, and did not have intercourse with him frequently enough. None of these charges was otherwise corroborated.
The foregoing review of the record convinces us that the judgment granting a separation in favor of appellee was manifestly erroneous. We believe that a fair conclusion to be drawn from the evidence is that the appellee abandoned his wife rather than move the matrimonial domicile away from the hostile influence of his mother. In other words, he made a calculated retreat in the face of what he believed to be insurmountable odds. In this connection we observe that it was his duty to provide a home for his wife free from the hostile influence of his mother. Cormier v. Cormier, 193 La. 158, 190 So. 365 (1939).
Appellant proved the abandonment, thereby shifting the burden on appellee to prove that it was done with lawful cause or adequate provocation. Legleu v. Legleu, 187 So.2d 6 (La.App. 1st Cir. 1966). Appellee not only failed to shoulder this burden but also failed to show affirmatively that the abandonment was with cause as heretofore noted.
Under the provisions of LSA-C.C. Art. 138, subd. 5 appellant is entitled to a separation from bed and board from her husband.
The trial court, on a rule nisi previously issued herein, awarded appellant a judgment for alimony pendente lite in the sum of $125.00 per month, payable in installments of $62.50 each, on the first and fifteenth day of each month. We have reviewed the evidence taken at the hearing on the rule and find no error in the amount awarded by the trial judge.
For the above and foregoing reasons, the judgment of the trial court is reversed, and judgment herein is rendered in favor of appellant, Diana H. Farkas, and against the appellee, John Lawrence Farkas, granting unto the said appellant a judgment of separation a mensa et thoro between them. It is further ordered, adjudged and decreed that alimony be awarded in favor of appellant in the sum of $125.00 per month, payable in installments of $62.50 each, on the first and fifteenth day of each month. All costs of court are to be paid by appellee, John Lawrence Farkas.
Reversed and rendered.