295 So.2d 511 (1974)
Paul Terry BOUDREAUX, Plaintiff-Appellee,
v.
Voncil Marie TANNER, Defendant-Appellant.
No. 9827.
Court of Appeal of Louisiana, First Circuit.
May 28, 1974.
Calvin H. McBride and James D. McGovern, Jr., New Orleans, for appellant.
Maurice P. Mathieu, Houma, for appellee.
Before SARTAIN, BAILES and VERON, JJ.
SARTAIN, Judge.
This action originated as a suit for legal separation by Paul Terry Boudreaux against his wife, Voncil Marie Tanner Boudreaux, on the ground of abandonment. She, thereafter, filed a reconventional demand for legal separation alleging cruel treatment and abandonment on the part of Mr. Boudreaux. The plaintiff prevailed in the district court and obtained judgment against Mrs. Boudreaux. We reverse that judgment.
*512 Pertinent facts are not greatly in dispute. Prior to September 19, 1972, relations between the parties had been deteriorating. On that date, Mr. and Mrs. Boudreaux were involved in an argument of some significance in their trailer home which was apparently precipitated by Mr. Boudreaux's recent frequency of nightclubs which involved, on at least one occasion, his absence from the home until 2:30 or 3:00 o'clock in the morning. Although this had not been the first argument between them, it does not appear that this disagreement was extremely serious or violent and, as a friend of the defendant who was present testified, she did not think that it was serious enough for Mrs. Boudreaux to leave.
However, the next day the defendant left the family home with her infant daughter, taking only a few things for herself and the child. She stayed at the home of a friend for approximately a week. Mr. Boudreaux, a general oil field worker, was employed on a seven day out, seven in basis at that time. During her absence, he continued to live in the trailer until he was to report for work at an oil field location for his next seven day period. On the day he left, Mrs. Boudreaux returned to the trailer with her daughter and resumed her residence there, where she continued to live until some two weeks prior to trial when the trailer was sold by consent of both parties.
Two days later, Mr. Boudreaux unfortunately sustained personal injuries in an accident at the job site where he was employed. He was taken from the scene of the accident to a hospital in Franklin, Louisiana, where he remained for four days. Thereafter, he was transferred to a Houma hospital where he recuperated for some twenty-five or twenty-six days.
While in the hospital, he stated to his wife that he was not going to return to their matrimonial domicile, and that, upon his release, he was going to live with his mother. When discharged, Mr. Boudreaux did move into his mother's home where he continuously remained. At the trial, he admitted that his wife had asked him to return on numerous occasions and that he had refused to do so.
The requirements for a legal separation based on the grounds of abandonment are set out in Civil Code Article 143.
Art. 143. Abandonment
Art. 143. Separation grounded on abandonment by one of the married persons can be admitted only in the case when he or she has withdrawn himself or herself from the common dwelling, without a lawful cause, has constantly refused to return to live with the other, and when such refusal is made appear in the manner hereafter directed; provided, however, that separation grounded on abandonment may be the object of a reconventional demand in any suit for separation from bed and board.
Therefore, a party alleging abandonment must prove that (1) there was a withdrawal from the common dwelling; (2) that the withdrawal was without lawful cause; and (3) that the withdrawing party has constantly refused to return to live with the other spouse. Applying these requirements to the case at bar compels the conclusion that Mr. Boudreaux's suit must be dismissed and that Mrs. Boudreaux's reconventional demand on the ground of abandonment must be maintained. We find no merit in that part of her reconventional demand alleging cruelty by her husband.
That Mrs. Boudreaux withdrew from the family residence for approximately seven days is unquestioned and we agree with the trial judge that the argument which immediately preceded that withdrawal was insufficient justification for her actions. However, the third necessary element of abandonment plainly has not been satisfied here. The defendant did not constantly refuse to return to live with petitioner but, in fact, did return to the matrimonial *513 domicile where she continuously lived for several months. Speculation as to her intentions or motives cannot offset those events. In Sciortino v. Sciortino, 188 So.2d 224 (4th Cir. 1966) writ refused, 249 La. 726, 190 So.2d 237, the court observed:
"Abandonment within the intendment of LSA-C.C. art. 138(5) does not exist merely by an act of withdrawal from the matrimonial domicile, but must be evidenced by the constant refusal to return. LSA-C.C. art. 143. Prior to Act 82 of 1958 this proof of abandonment, where no answer was filed, was required to be made by the issuance of summons to the abandoning spouse ordering him to return. If the spouse did return in response to the summons, there was no abandonment. The only change made by Act 82 of 1958 is that the summons to return is no longer required and proof of the abandonment is now made as in any other civil suit. The underlying principle and the reasons for this cause of separation from bed and board have not been changed. A timely return to the matrimonial domicile without summons would no less nullify the abandonment."
Mrs. Boudreaux positively testified that she did not intend to leave permanently and the record is devoid of any facts to the contrary. Her timely return to the matrimonial domicile defeats the plaintiff's suit for abandonment.
Her reconventional demand on that ground must, however, be sustained. By his own positive admission, Mr. Boudreaux withdrew from their home and has constantly and adamantly refused to return to it. On page 44 and 45 of the transcript, we note his testimony, to-wit:
"Q But you haven't been back since you left to go to work right before the accident?
A That's right.
Q It is my understanding, as a matter of fact, that since leaving you have refused to go back?
A That's right. I won't go back.
Q And you have constantly refused to go back?
A That's right."
There is no evidence whatsoever in the record that Mrs. Boudreaux gave him any lawful cause for refusing to return to the matrimonial domicile when he decided not to do so.
Accordingly, for the above reasons, the judgment of the district court in favor of the plaintiff is reversed and set aside and judgment is rendered herein in favor of the defendant, Mrs. Voncil Marie Tanner, and against the plaintiff, Paul Terry Boudreaux, on the main demand, dismissing plaintiff's suit; and judgment is further rendered herein in favor of the plaintiff in reconvention, Mrs. Voncil Marie Tanner, and against the defendant in reconvention, Paul Terry Boudreaux, decreeing a separation from bed and board in favor of the plaintiff in reconvention and against the defendant in reconvention, awarding to the plaintiff in reconvention the care and custody of their minor child, Tally Michelle Boudreaux, subject to the right of reasonable visitation by the father; and, condemning Paul Terry Boudreaux to pay alimony to Voncil Marie Tanner for the support of herself and the minor child, Tally Michelle Boudreaux, in the amount of One Hundred and 00/100 ($100.00) Dollars per month, payable Fifty and 00/100 ($50.00) Dollars bi-monthly on the first and fifteenth day of each month, commencing June 1, 1973, and bi-monthly on the first and fifteenth day of each succeeding month thereafter.
Plaintiff, Paul Terry Boudreaux is cast for all costs of these proceedings.
Reversed and rendered.