369 So.2d 476 (1979)
Ernest Joseph LAURENT
v.
Dorothy Estelle LAURENT.
No. 9930.
Court of Appeal of Louisiana, Fourth Circuit.
March 7, 1979.
Rehearing Denied April 16, 1979.
Writ Refused June 11, 1979.
*477 Weber & Weber, Emile M. Weber, Baton Rouge, for Ernest J. Laurent, defendant-appellee.
Daniel E. Becnel, Jr., Reserve, for Dorothy Estelle Laurent, appellant.
Before SAMUEL, STOULIG and BOUTALL, JJ.
BOUTALL, Judge.
Earnest Laurent sued his wife Dorothy Laurent for a separation based on abandonment. The wife reconvened for a separation based on mental and physical cruelty. Judgment was rendered granting the separation in favor of the wife. This judgment was affirmed on appeal by this court.
More than a year after the judgment of separation, the wife filed this suit for divorce, based on the ground of having lived separate and apart for one year after a judgment of separation under Louisiana Revised Statute 9:302. The husband entered a general denial and filed a reconventional demand for divorce based on the alleged adultery of his wife. This adultery was alleged to have occurred before the judgment of separation in the prior suit. The trial judge found "mutual fault of both parties during the period of time from judicial separation until the trial on the merits for a final divorce." The judgment granted a divorce under 9:302 and denied alimony due to the wife's fault. It is clear from the reasons for judgment that the finding of fault on the part of the wife was based on the alleged adultery occurring before the original separation judgment. It is from this denial of alimony that the wife appeals.
Appellant argues that it was error for the trial judge to deny her alimony on the ground of pre-separation fault and, alternatively that the husband did not carry his burden of proof in showing fault on her part. The husband contends that since the alleged adultery occurred after the parties were separated in fact, the act should be considered post-separation fault, litigation of which is not barred in a subsequent divorce suit.
In Fulmer v. Fulmer, 301 So.2d 622 (1974) the Louisiana Supreme Court held that a judgment of separation in favor of a party is a conclusive determination of fault which precludes litigation of the fault issue in a subsequent divorce action, except as to post-separation fault. In the course of its decision, the court reviewed the legislative history of Civil Code Article 160 and made the following statement:
"We assume that the legislative choice is based on the judicial economy and consistency represented by having the separation-causing fault determined once and in the separation proceedings itself, rather than litigating (or re-litigating) it in *478 the much later divorce proceedingswhere, with different testimony or less recent recollection, the separation-causing fault might even be determined contrary to that determined at an earlier well-tried and hotly-contested separation adjudication."
This reasoning forms the basis for our decision in this case.
We reject appellee's contention that the alleged adultery actually constituted post-separation fault because it occurred after the parties began living separate and apart. This ignores the judicial economy and consistency considerations expressed by the court in Fulmer. Such a holding would conflict directly with Fulmer since the fault during the period in question has already been judicially determined in the separation proceeding. To relitigate fault based on an act which occurred before the judicial separation is to render that decree superfluous, a holding that the rationale of the former decision expressly prohibits.
Both sides refer us to the decision in Moon v. Moon, 345 So.2d 168 (La.App. 3rd Cir. 1977). That case allowed the husband to show post-separation (i. e. subsequent to the judgment of separation) fault on the part of the wife as a defense to the wife's claim for alimony. In the course of the opinion, the court stated the following:
"Our holding in this case does not contravene the considerations of judicial economy underlying the Fulmer decision. Fulmer was aimed at stopping re-litigation of pre-separation fault. It was not intended to prevent litigation of post-separation fault, where such litigation occurs in the course of the husband's defense against the wife's alimony claim."
Thus, we find that Moon is consistent with the Fulmer decision and supports the position of the appellant.
We find that it was error for the trial judge to deny alimony to the wife based on proof of fault prior to the separation decree. It is therefore unnecessary for us to consider appellant's exception of res judicata filed with this court and appellant's second contention that the husband did not meet his burden of proof. Further, there is sufficient evidence in the record for this court to set the alimony without remand to the trial court.
The ordinary monthly expenses of the wife as they appear in the record total slightly above $400. Additionally she owes several thousand dollars for dental bills and for household furniture she needed, and she is paying these bills in monthly installments of approximately $350. Her receipt of a back alimony payment and community settlement will assist with this amount, but presently we conclude she should receive some monthly alimony towards these payments.
Mrs. Laurent has a monthly net income of approximately $400 and Mr. Laurent has a monthly net income of approximately $1400. Considering all factors we fix a monthly alimony due appellant at $150 per month.
IT IS THEREFORE ORDERED that the judgment be reversed insofar as it denied alimony to the wife and that judgment be rendered granting alimony in the amount of $150 dollars per month. All costs of this appeal to be paid by the appellee, Ernest Joseph Laurent.
REVERSED AND RENDERED.
STOULIG, J., concurs.
STOULIG, Judge, concurring.
I concur.
I am in accord with the finding expressed in the majority opinion that the judgment of the trial court decreeing Mrs. Dorothy Laurent to be at fault and denying her alimony after divorce must be reversed. However I am of the opinion that the alimony awarded Mrs. Laurent in the majority opinion should be substantially increased so as to be sufficient to meet her needs.