393 So.2d 822 (1981)
Frank S. MOORE, Plaintiff-Appellee,
v.
Rozelle Marting MOORE, Defendant-Appellant.
Rozelle Marting MOORE, Plaintiff-Appellant,
v.
Frank Sumontiss MOORE, Defendant-Appellee. (Consolidated)
Nos. 14396, 14397.
Court of Appeal of Louisiana, Second Circuit.
January 13, 1981.
*823 R. Clyde Lawton, Jr., Vivian, for plaintiff-defendant-appellant, Rozelle Marting Moore.
Edward O. Kernaghan, Shreveport, for plaintiff-defendant-appellee, Frank S. Moore.
Before HALL, MARVIN and FRED W. JONES, Jr., JJ.
FRED W. JONES, Jr., Judge.
An ex-wife appeals a judgment denying her alimony after divorce because of the trial judge's conclusion that the parties were mutually at fault. We reverse.
On August 14, 1978 Moore sued his wife for a legal separation on the ground of abandonment. The next day Moore's wife sued him for a legal separation on the ground of cruel treatment. The cases were consolidated for trial purposes.
After trial of the separation actions, judgment was rendered on September 7, 1979 decreeing a legal separation between the parties on the ground that they had lived separate and apart for more than one year. The judgment further provided that "the issue of fault is not decided at this time."[1]
On September 17, 1979 Moore filed suit against his wife for a divorce on the ground that they had lived separate and apart for more than one year, under the provisions of La.R.S. 9:301. Defendant wife reconvened, asking for an award of permanent alimony. Judgment was rendered on December 11, 1979, granting Moore a divorce from his wife. The parties stipulated that the question of fault which governed disposition of the alimony demand would be submitted to the trial judge for further consideration based upon his examination of the evidence presented at the trial of the legal separation actions. Pursuant to this agreement, on March 5, 1980 judgment was rendered simply decreeing "that the Plaintiff and Defendant were mutually at fault." It is this judgment from which the wife appeals.
La. Civil Code Article 160 provides in pertinent part:
"When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, alimony which shall not exceed one-third of his or her income."
The meaning of fault within the context of this codal article was discussed by the Louisiana Supreme Court in Pearce v. Pearce, 348 So.2d 75 (La.1977) as follows:
"We have held that, under this statute respecting an award of alimony to a wife without `fault', the word `fault' contemplates conduct or substantial acts of commission or omission by the wife violative of her marital duties and responsibilities. A wife is not deprived of alimony after divorce simply because she was not totally blameless in the marital discord (citations omitted). To constitute fault, a wife's misconduct must not only be of a *824 serious nature but must also be an independent contributory or proximate cause of the separation."
The spouse claiming alimony after divorce has the burden of proving freedom from fault. Brannon v. Brannon, 362 So.2d 1164 (La.App. 2d Cir. 1978); Smith v. Smith, 216 So.2d 391 (La.App. 3rd Cir. 1968); Sachse v. Sachse, 150 So.2d 772 (La. App. 1st Cir. 1963).
Examination of the record in this case reveals that the parties had been married for some 50 years when they instituted their legal separation proceedings. In the summer of 1978 Mrs. Moore became upset upon learning that her husband was assisting a younger woman (a family friend) make her car payments. Because this "other" woman did her banking at the same institution in Oil City where the Moores had a savings account, Mrs. Moore withdrew the funds from that account, amounting to about $20,000, and deposited them in a savings account in a Vivian bank in the names of both spouses.
Moore's discovery of his wife's unilateral action in transferring the family savings led to a heated confrontation with her in the early morning hours of August 10, 1978. Moore admitted that he "talked to her pretty ugly" and told her "everybody would know me and her had trouble."
Mrs. Moore's version of this incident was that Moore threatened to kill her unless she returned the savings to the Oil City bank at her earliest convenience. Fearing for her life, she fled in such haste that she neglected to collect her dentures and glasses.
J. R. Elmore, Oil City law enforcement officer, stated that he was contacted by Mrs. Moore on the morning after she left home and accompanied her to a store where she gave her husband a bank passbookevidencing the return of the savings to the Oil City bank. Elmore said he heard Moore tell his wife "to get her stuff out of the house." After Mrs. Moore left, Moore told Elmore that he was "going out there and beat the hell out of her."
We recognize that the question of a spouse's freedom from fault under Article 160 is a factual one, and that the trial court's findings on this issue will not be disturbed on appeal unless found to be manifestly erroneous. See Pearce v. Pearce, supra. On the other hand, we agree with Judge Beer's statement in his concurring opinion in Rittiner v. Sinclair, 374 So.2d 680 (La.App. 4th Cir. 1979), that:
"... alimony should not be irrebuttably preempted on a premise of such a disjointed, nebulous concept as `mutual fault'. What is, in most cases, nothing more or less than mutual disillusionment should not summarily deprive either party of their justiciable right to seek alimony."
In this case we have searched the record in vain for evidence that Mrs. Moore was guilty of serious misconduct which was an independent contributory cause of the separation. She had just cause to leave the matrimonial domicile after the violent reaction of her husband to her withdrawal of their savings. Moore told Elmore that he did not desire her return. Therefore, this did not constitute abandonment on Mrs. Moore's part. Moving the savings account from one bank to another where she opened the new account in both her name and that of her husband certainly did not constitute "serious misconduct."
For these reasons, we conclude that in finding Mrs. Moore had not proved that she was free of fault in the separation the trial judge was manifestly in error. Therefore, we reverse and render judgment that Rozelle Marting Moore was free of fault in the separation from Frank S. Moore, and remand for a hearing on the question of Mrs. Moore's entitlement to alimony and, if so found, the amount which she should be awarded. Costs are assessed to the appellee.
NOTES
[1] According to the transcript of the proceedings, at the conclusion of this trial the trial judge announced that he found mutual fault, but deemed it appropriate to grant the legal separation on the ground of living separate and apart for more than one year.