STOULIG, Judge pro tern.
This appeal arises out of the trial court’s refusal to permit appellant to adduce evidence in support of his amended petition for a divorce alleging post-separation adultery by his wife. Also questioned is the reasonableness of the amount awarded her as permanent alimony.
A prelude to these proceedings began on December 2, 1976 with the filing of a petition for Separation from Bed and Board by the plaintiff, Edward Florent, Jr. An answer and reconventional demand seeking the same relief was filed on behalf of the defendant, Mrs. Lorenza Florent.
On November 30,1977 after a trial on the merits, Judgment by Consent was rendered in favor of Lorenza Florent decreeing a separation from bed and board in her favor and awarding her “permanent alimony” of $35.00 per week. A subsequent motion for a decrease in alimony was denied on May 19, 1978.
*914 A petition for divorce was filed on May 29,1979 by Mr. Florent on grounds of living separate and apart for over one year (R.S. 9:302); this petition was amended on June 13, 1979 to allege post-separation adultery by Mrs. Florent excluding her eligibility for permanent alimony. Mrs. Florent reconvened seeking a divorce by reason of the expiration of the statutory period without reconciliation.
The divorce matter came to trial on September 6, 1979, at which time the trial judge refused to hear testimony of the wife’s post-separation fault and as stated in his Reasons for Judgment the divorce rendered in favor of the husband is based upon the parties continued living separate and apart. He expressly denied that the judgment was based on adultery.
The transcript reflects that at the beginning of the trial, Mrs. Florent’s counsel stipulated: “. . . at a point in time during that year [the post-separation period] Mrs. Florent has lived with Herbert Magee, not her husband, and maintained adulterous relations and is presently living with this man”. During her testimony seeking to establish her right to “permanent” alimony (C.C. Art. 160) Mrs. Florent also admitted that she was living with Herbert Magee the co-respondent named in appellant’s amended petition.
Based on the evidence, the trial court rendered judgment granting Edward Flo-rent, Jr. a divorce but condemning him to pay alimony in the amount of $35.00 per week “as agreed upon by the parties”. Plaintiff appeals.
The trial judge relied on the case of Laurent v. Laurent, 369 So.2d 476 (La.App. 4th Cir. 1979) in disallowing any testimony regarding Mrs. Florent’s post-separation fault on the grounds of res judicata. The judge interpreted Laurent, supra, as holding that when fault has been determined in a separation proceeding, a husband cannot real-lege fault even if the allegation goes to post-separation adultery. We disagree.
The facts of Laurent involved an adultery alleged to have occurred before the judgment of separation and the court so noted:
“... it is clear from the reasons for judgment that the finding of fault on the part of the wife was based on the alleged adultery occurring before the original separation judgment. It is from this denial of alimony that the wife appeals.” 369 So.2d 476 at 477.
In Laurent, supra, we referred to the Supreme Court case of Fulmer v. Fulmer, 301 So.2d 622 (La.1974) and correctly stated that the Supreme Court there held that a judgment of separation in favor of a party is a conclusive determination of fault which precludes litigation of the fault issue in a subsequent divorce action, “except as to post-separation fault”. The specific language used in Fulmer was:
“Thus, where a judicial separation is decreed as caused by the fault of one spouse or the other, such fault as judicially determined to be the cause of the separation is normally determinative of the issue of whether the husband or the wife is or is not at fault, for purposes of deciding whether the wife is entitled to alimony under Article 160. Such a conclusion Is, of course, not applicable if the divorce is sought for post-separation fault, such as adultery; for the sole effect of the separation judgment is a conclusive adjudication as to which spouse’s preseparation fault primarily caused the separation.” 301 So.2d 622 at 629. Emphasis added.
The petition of Mr. Florent specifically alleges adultery occurring after the judicial separation of the parties. Fulmer, supra, and Laurent, supra, clearly support the admission of evidence of post-separation fault. See also: Moon v. Moon, 345 So.2d 168 (La.App. 3rd Cir.1977).
Although the trial court did not permit the introduction of any evidence bearing upon the issue of the wife’s adultery, this court is constitutionally obligated to review both the law and facts and is empowered to render any judgment which is just, legal and proper upon the record before it. Roncal v. Commercial U. Assur. Co., 367 So.2d 24 (La.App. 2nd Cir. 1978); *915 Warriner v. Russo, 308 So.2d 499 (La.App. 4th Cir.1975); C.C.P. Art. 2164. However, we do not feel that the stipulation of her counsel and the testimony of Mrs. Florent are sufficient for this court to judicially decree that she is indeed guilty of post-separation adultery.
We question the probative value of the admission against interest made by Mrs. Florent’s counsel, since it is tantamount to a confession of judgment and even if admitted by her it would be insufficient to establish adultery. Arbour v. Murray, 222 La. 684, 63 So.2d 425 (1953). Nor can adultery be inferred from Mrs. Flo-rent’s admission that she is living with Herbert Magee. Harris v. Harris, 228 La. 19, 81 So.2d 705 (1955); Ogea v. Ogea, 378 So.2d 984 (La.App. 3rd Cir. 1979).
The granting of a judgment of divorce in favor of Mr. Florent, based on the expiration of the statutory period without reconciliation as opposed to adultery is one of substantial legal significance. Under the former, Mrs. Florent’s freedom from fault is established by the judgment of separation and if found to be in necessitous circumstances, she would be entitled to alimony under C.C. Art. 160; whereas if adjudged guilty of post-separation adultery she would forfeit the right to support. Though the judgment is correct in its result, we must annul it in order to afford appellant the opportunity to prove his allegations of adultery and avoid the liability of future alimony-
No need exists to consider the reasonableness of the alimony awarded Mrs. Florent since this matter is remanded to the trial court for further action, the disposition of which may negate her right to permanent alimony. Nothing herein shall affect the right of the wife to continue to receive the alimony decreed in the judgment of separation from bed and board.
For the foregoing reasons, the judgment of the trial court is annulled in its entirety and this matter is remanded for further proceedings consistent with the views herein expressed. Costs are to await the final disposition of this matter.

REMANDED.