399 So.2d 1297 (1981)
Albert J. LAURO
v.
Dorothy Lucille Cappadora, Wife of Albert J. LAURO.
No. 11977.
Court of Appeal of Louisiana, Fourth Circuit.
June 2, 1981.
*1298 Reed & Reed, Floyd J. Reed, New Orleans, for defendant-appellee.
Archie C. Tatford, Jr., New Orleans, for plaintiff-appellant.
Before REDMANN, KLIEBERT and KLEES, JJ.
KLEES, Judge.
On March 5, 1980, Albert J. Lauro, filed a petition for a divorce from his wife, Mrs. Dorothy Lauro, on the grounds of living separate and apart for two years without reconciliation. The wife answered the petition and averred that she was free from fault in the causes of the separation of the parties in May, 1975, and sought permanent alimony.
Trial on the merits was held and the trial judge rendered a judgment in favor of the husband, decreeing a divorce and further decreed that the wife was free from fault in the causes of the separation of the parties, that the separation was caused by the abandonment of the matrimonial domicile by the husband, and condemned the husband to pay to the wife alimony in the amount of $1,274.00 per month. This appeal stems from the awarding of permanent alimony to the wife.
From a judgment awarding his ex-wife $1,274.00 per month permanent alimony, former husband appeals contending the trial court erred, (I) in finding the ex-wife free from preseparation fault, and (II) in prohibiting testimony of the ex-husband and his witnesses regarding post-separation fault.
First, on the question of whether the trial court erred in finding the ex-wife free from fault and awarding her permanent alimony, the wife (spouse) seeking alimony has the burden of proving freedom from fault in order to be entitled to alimony following divorce. Brannon v. Brannon, 362 So.2d 1164 (La.App. 2nd Cir. 1978); Sachse v. Sachse, 150 So.2d 772 (La.App. 1st Cir. 1963).
Recently in Pearce v. Pearce, 348 So.2d 75 (La.1977), the court set forth the applicable principles as follows:
"We have held that, under this statute representing an award of alimony to a wife without `fault' the word `fault' contemplates conduct or substantial acts of commission or omission by the wife violative of her marital duties and responsibilities. A wife is not deprived of alimony after divorce simply because she was not totally blameless in the marital discord." Vicknair v. Vicknair, 237 La. 1032, 112 So.2d 702 (1959); Adler v. Adler, 239 So.2d 494 (La.App. 4th Cir. 1970).
To constitute fault, a wife's misconduct must not only be of a serious nature, but must also be an independent contributory or proximate cause of the separation. Kendrick v. Kendrick, 236 La. 34, 106 So.2d 707 (1958).
In the instant case, the trial judge found that the wife did meet her burden of proof. He concluded that the separation of the parties was due to the husband's abandonment of the matrimonial domicile. The party seeking a legal separation on the grounds of abandonment must prove the elements thereof. Boudreaux v. Tanner, 295 So.2d 511 (La.App. 1st Cir. 1974), Gilbert v. Gilberti, 338 So.2d 971 (La.App. 4th Cir. 1976).
Therefore, a party alleging abandonment must prove that (1) there was a withdrawal from the common dwelling; (2) that the withdrawal was without lawful cause; and (3) that the withdrawing party has constantly refused to return to live with the other spouse. Boudreaux v. Tanner, supra.
*1299 Once proved, the burden then shifts to the opposing party to prove the alleged abandonment was done with lawful cause or adequate provocation. Farkas v. Farkas, 264 So.2d 721 (La.App. 1st Cir. 1972).
1. It was uncontested that the husband did leave the marital domicile.
2. The trial judge found that the husband refused to return and in his reasons stated:
"The husband has testified that the wife has asked him to come back a number of times."
3. The trial judge also felt that the husband failed to meet his burden of proving that his abandonment was with lawful cause.
"I believe that the husband is at fault. I think that he abandoned the marital domicile and without just cause."
In his attempt to determine whether there was lawful cause to abandon the matrimonial domicile, the record supports the trial judge's conclusion that, there was quarrelling and bickering between the parties, but that it was such bickering as would ordinarily occur in a marriage. In addition, he made references to Rittiner v. Sinclair, 374 So.2d 680 (La.App. 4th Cir. 1979), which held a course of conduct approved and consented to by both spouses is not mutual fault, Davieson v. Trapp, 223 La. 776, 66 So.2d 804 (1953).
Name calling on the part of one spouse toward the other did exist but the trial judge concluded that the statements were of no weight. He determined, and the evidence supports him, that the statements were made to those persons close to the parties who did not communicate the statements to the former husband or anyone else. In addition, he concluded that the statements were not the cause of the physical separation.
To prove defamation constituting fault, it is necessary to prove a defamatory accusation was made in bad faith, publicly to a person to whom the accuser had no legitimate excuse to talk about the subject of the accusation. Flake v. Flake, 163 La. 1022, 113 So. 361 (1927).
However, the fact that a wife makes known her suspicions of her husband's supposed misconduct to confidential friends does not entitle him to a divorce on the grounds of public defamation where she does so while seeking sympathy or advice. Watson v. Watson, 209 So.2d 528 (La.App. 2nd Cir. 1968).
As another item of fault on the wife's part, the ex-husband charges that there were infrequent or non-existent sexual relations. In respect to sexual relations, the evidence supports the trial court's conclusion that a sexual relationship did exist between the parties. Although it was infrequent it did exist and thus cruel treatment was not proven.
"Before the conduct complained of here can constitute cruel treatment within the meaning of C.C. Art. 138(3) there must be a persistent and unjustified refusal to engage in sexual intercourse." Von Bechman v. Von Bechman, 386 So.2d 910 (La.1980).
The question in this case of the wife's lack of fault, or the husband's abandonment as the sole cause of the separation of the parties, was a factual one and the findings of the trial court are to be accorded substantial weight on review. Le Blanc v. Le Blanc, 362 So.2d 568, (La.1978).
"The question of a wife's fault under the statute providing for alimony when a wife has not been at fault and has not sufficient means for her support is a factual one." Morgan v. Morgan, 260 So.2d 336 (La.App. 4th Cir. 1972).
"We have recognized that a trial court's findings of fact on the issue of a wife's fault will not be disturbed on appeal unless found to be manifestly erroneous." Williams v. Williams, 215 La. 839, 41 So.2d 736 (1949). Fletcher v. Fletcher, 212 La. 971, 34 So.2d 43 (1948).
"In the area of domestic relations, much discretion must be vested in the trial judge and particularly in evaluating the weight of evidence which is to be resolved primarily on the basis of the credibility of *1300 witnesses. The trial judge having observed the demeanor of the witnesses is in the better position to rule on their credibility." Trosclair v. Trosclair, 337 So.2d 1216 (La.App. 1st Cir. 1976).
"The factual findings of the trial court are therefore to be accorded very substantial weight on review." Gilberti v. Gilberti, 338 So.2d 971 (La.App. 4th Cir. 1976), Canter v. Koehring Company, 283 So.2d 716 (La.1973).
Second, on the question of whether the trial court erred in restricting to a proffer the testimony of plaintiff-husband and his witnesses regarding post-separation conduct, we note that this is not a case of a judgment of separation, but of a non-judicial separation.
In Fulmer v. Fulmer, 301 So.2d 622 (La. 1974), the Supreme Court held that a judgment of separation in favor of a party is a conclusive determination of fault which precludes litigation of the fault issue in a subsequent divorce action, "except as to post-separation fault". The specific language used in Fulmer was:
"Thus where a judicial separation is decreed, as caused by the fault of one spouse or the other, such fault as judicially determined to be the cause of the separation is normally determinative of the issue of whether the husband or the wife is not a fault, for the purpose of deciding whether the wife is entitled to alimony under Article 160. Such a conclusion is, of course, separation fault, such as adultery; for the sole effect of the separation judgment is a conclusive adjudication as to which spouse's pre-separation fault primarily caused the separation." 301 So.2d 622 at 629.
The language of Fulmer indicates that evidence of post-separation fault can be admitted if the party seeking to prove such fault seeks a divorce based on this fault. In Florent v. Florent, 393 So.2d 912 (La.App. 4th Cir. 1981) the court interpreted Fulmer as allowing evidence of post-separation fault as a defense to a claim for alimony. See also: Moon v. Moon, 345 So.2d 168 (La.App. 3rd Cir. 1977).
Fulmer would not oblige excluding evidence of post non-judicial separation fault, and we therefore consider as evidence the proffered testimony. That testimony, however, of rudeness and name-calling, similar to that prior to the physical separation, is insufficient to alter the findings of the trial court.
For the foregoing reasons, the judgment of the trial court is AFFIRMED. Costs to be borne by Appellant.
AFFIRMED.