402 So.2d 173 (1981)
Jerry Royce BRISTER
v.
Mary Evelyn Ridout BRISTER.
No. 14237.
Court of Appeal of Louisiana, First Circuit.
June 29, 1981.
Mary Evelyn Ridout Brister, in pro. per.
R. Bruce Macmurdo, Baton Rouge, for plaintiff-appellee Jerry Royce Brister.
Before COVINGTON, CHIASSON and LEAR, JJ.
LEAR, Judge.
Defendant-appellant, Mary Evelyn Ridout Brister, appeals the judgment of the trial court denying her alimony after divorce on the ground that the parties were mutually at fault.
Plaintiff, Jerry Royce Brister, filed suit for divorce, based on living separate and apart, without reconciliation, in excess of one year. Defendant answered and reconvened seeking a judicial separation on the ground of abandonment and an award of alimony. Plaintiff then amended his petition to allege defendant's fault in the breakup of the marriage. After a trial of these issues, judgment was rendered in favor of plaintiff, granting him a divorce. The trial court also found the parties to be mutually at fault and denied defendant permanent alimony.
The spouse claiming alimony after divorce has the burden of proving freedom from fault. Moore v. Moore, 393 So.2d 822 (La.App. 2nd Cir., 1981); Brannon v. Brannon, 362 So.2d 362 So.2d 1164 (La.App. 2nd Cir., 1978); Smith v. Smith, 216 So.2d 391 (La.App. 3rd Cir., 1968); Sachse v. Sachse, 150 So.2d 772 (La.App. 1st Cir., 1963). And, it well settled that the issue of fault is a factual one, and the trial court's findings in this regard will not be disturbed on appeal found to be manifestly erroneous. Pearee v. Pearce, 348 So.2d 75 (La. 1977); Moore v. Moore, supra.
The court's oral reasons for judgment have been transcribed and are found in the record. In these reasons for judgment, the trial judge stated that the defendants attitude, which we find was longstanding and continuing, made it impossible for plaintiff to establish or pursue any type of proper or appropriate relationship with his family, including his mother and his children from a prior marriage. He also noted defendant's "scathing denunciation" of plaintiff mother, which was contained in a letter written by defendant and introduced into evidence.
After fully and carefully examining this entire record, including the pleadings, documentary *174 evidence, the transcribed testimony and the trial judge's reasons for judgment, we find that ample evidence exists in this record to support the trial court's conclusions and judgment. Defendant did not carry her burden of proof in establishing her freedom from fault. Rather, the evidence clearly indicates her serious and substantial fault in causing the breakup of the parties' marriage.
For these reasons, the judgment of the trial court is hereby affirmed. Appellant is to pay whatever costs are legally assessable to her.
AFFIRMED.