424 So.2d 516 (1982)
Donald SCHEXNAYDER
v.
Kristen Campbell SCHEXNAYDER.
No. 5-289.
Court of Appeal of Louisiana, Fifth Circuit.
December 9, 1982.
*517 Adelaide Baudier, Metairie, for plaintiff-appellant.
Emile R. St. Pierre, Destrehan, for defendant-appellee.
Before CHEHARDY, KLIEBERT and CURRAULT, JJ.
CURRAULT, Judge.
This appeal arises from a judgment of divorce silent on the issue of fault and which awarded $2600 in past due alimony.
Donald Schexnayder and Kristen Campbell Schexnayder were married on February 5, 1972. No children were born of the marriage. On December 16, 1977, appellant Donald Schexnayder filed a suit for separation a mensa et thoro on the grounds of cruel treatment. Appellee, Kristen Schexnayder, responded with a reconventional demand based on abandonment and subsequently filed a rule for alimony pendente lite.
All issues were scheduled for hearing on November 21, 1978, however at that time the trial court continued the action for separation. In a judgment rendered December 6, 1978, the trial court merely issued certain orders not pertinent to this appeal, took the alimony rule under advisement and suggested that the parties collaborate on a consent judgment for separation. The alimony was subsequently set at $30 per week in a judgment dated February 28, 1979. Finally, on March 2, 1979, a consent judgment for separation was submitted by the parties, approved by the trial court and made part of the record.
Following appellant's failure to pay alimony as ordered in the judgment of February 28, 1979, another judgment was issued on October 14, 1980, making the arrearage of $1960 executory, and ordering him to pay an additional $40 per month to be applied to the amount past due.
On February 6, 1981, appellant filed for divorce on the grounds of living separate and apart for more than one year under the provisions of LSA-R.S. 9:301. The appellee reconvened asking for an award of permanent alimony, and shortly thereafter filed a rule to increase alimony and for contempt.
A trial of the divorce and rules was held, and on October 16, 1981, the trial court rendered a judgment of divorce granted solely on the parties having lived separate and apart for one year from date of judicial separation. The judgment further denied an increase in alimony, declared the alimony arrearage to be $2600, and ordered appellant to pay $50 per week to be applied to the arrearage only.
Appellant appeals portions of the judgment related to fault and the amount of past due alimony.
The following issues are presented for our consideration:
(1) The trial court erred in failing to find mutual fault in its divorce judgment pursuant to language used in a judgment dated December 6, 1979; that
(2) The trial court erred in not holding that post-divorce alimony was precluded because both parties were at fault in causing the separation; and that
(3) The trial court erred in its computation of the balance owed on past due alimony.
Clearly a finding of mutual fault at the time of separation would bar a subsequent claim for post-divorce alimony by either party. LSA-C.C. art. 141. Pursuant to that article, in order for the court to find mutual fault, each party's fault must constitute an independent fault ground for separation under LSA-C.C. art. 138; Adams v. Adams, 389 So.2d 381 (La.1980).
*518 The record clearly reflects, contrary to appellant's assertions, that mutual fault was neither litigated nor determined in the separation proceedings. The trial judge stated in the transcript of the proceedings attendant to its December 6, 1978 judgment that the separation issue was continued. No evidence was introduced or offered as to fault at that time, and the sole issue litigated was the alimony pendente lite request.
Following that trial, the court rendered a judgment taking the alimony issue under advisement. However, the judgment also contained the following language indicated by appellant as evidence of a determination of mutual fault:
"In the opinion of the Court, sufficient evidence has been shown for either party to move for Judicial Separation at this time."
We do not agree that the statement indicates fault since it could easily imply as well that the parties had been living voluntarily separate and apart for the prescribed period under LSA-C.C. art. 138(9). Further, the statement in a judgment, which did not grant the separation, was followed by a suggestion that the parties collaborate on a consent judgment for separation. The parties did so and the consent judgment approved by the court failed to mention fault. Therefore, we find no merit in appellant's claim of a pre-divorce finding of fault.
Appellant argues alternatively that the trial court erred in failing to hold that post-divorce alimony was precluded since both parties were at fault in causing the separation. The question to be resolved is whether appellee, as the party requesting alimony, is entitled to such pursuant to LSA-C.C. art. 160. That article requires that the spouse requesting post-divorce alimony be free from fault, and further demonstrates that he or she does not have sufficient means for support.[1] Both elements required by this article must be proven by the claimant spouse. Moore v. Moore, 393 So.2d 822 (La.App. 2d Cir.1981); Volker v. Volker, 398 So.2d 134 (La.App. 3d Cir.1981); Lauro v. Lauro, 399 So.2d 1297 (La.App. 4th Cir.1981). Fault in this context is conduct violative of the marital duties and responsibilities, and it "must be serious and an independent contributory or proximate cause of the separation." Pearce v. Pearce, 348 So.2d 75, 77 (La.1977).
The record herein is deficient in that the trial court failed to articulate any definitive statement regarding fault of the parties. For the purpose of clarification on the issue of appellee's entitlement to permanent alimony, we therefore remand the case and order an evidentiary hearing to determine: (1) whether appellee is free from fault under LSA-C.C. art. 160; and, if so, (2) whether appellee can demonstrate need pursuant to LSA-C.C. art. 160.
The third and final issue presented for our consideration is whether the trial court erred in calculating the amount of past due alimony owed by appellant at date of trial.
The record discloses that in calculating the total owed, the trial judge relied on a running tabulation of payments made by appellant which was provided by appellee. Appellant sought to prove an additional $280 payment absent from that list; however, the trial judge accepted only $80 of that amount lacking sufficient proof of the extra $200 payment. He concluded that in *519 addition to the $1960 unsatisfied from the prior judgment, an additional $640 was owed, totalling $2600. Our review of the evidence does not reveal that the trial court incorrectly assessed the total arrearages, therefore, we affirm the judgment as to the amount of past due alimony.
For the foregoing reasons, the judgment appealed from is remanded on the issue of fault for proceedings consistent with the opinion herein; but affirmed on that portion of the judgment assessing past due alimony. Each party to pay its own costs of this appeal.
AFFIRMED IN PART REMANDED IN PART.
NOTES
[1] The article further provides that, "In determining the entitlement and the amount of alimony after the divorce, the court shall consider the income, means and assets of the spouses; the liquidity of such assets; the financial obligations of the spouses, including their earning capacity; the effect of custody of children of the marriage upon the spouse's earning capacity; the time necessary for the recipient to acquire appropriate education, training, or employment; the health and age of the parties and their obligations to support or care for dependent children; any other circumstances that the court deems relevant.

In determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capability in light of all other circumstances. This alimony shall be revoked if it becomes unnecessary and terminates if the spouse to whom it has been awarded remarries."