GARRISON, Judge.
On May 30, 1985, Mary Key Ford was granted a divorce from her husband, Samuel B. Ford. The trial judge found Samuel Ford to be at fault and ordered him to pay Mary Ford permanent alimony of $200 every month. Samuel Ford now appeals the trial judge’s finding of fault on his part and urges that Mary Ford should not be entitled to alimony payments due to her own fault in the dissolution of this marriage.
This appeal challenges only the factual findings of the trial judge. No questions of law are presented for our review. The appellant argues that the trial court erred in finding him at fault, in not finding his wife at fault and, alternatively, in not finding mutual fault of the parties which would preclude any alimony award. Additionally, appellant argues that his wife did not prove either her necessitous circumstances or his means to pay an alimony award. He also alleges that the trial court erred in failing to consider Mary Ford’s earning capacity or the liquidity of the couple’s community assets in determining whether an alimony award was warranted in this case.
In the area of domestic relations, the trial judge is vested with much discretion, particularly in evaluating the weight of evidence which is to be resolved primarily on the basis of the credibility of witnesses. Pearce v. Pearce, 348 So.2d 75 (La.1977). Therefore, a trial judge’s factual findings are to be accorded very substantial weight on review. Gilberti v. Gilberti, 338 So.2d 971 (La.App. 4th Cir.1976).
In this case, Mrs. Ford’s petition cited abandonment and mental cruelty of Mr. Ford as grounds for divorce. LSA-C.C. arts. 138, 139. Mrs. Ford testified that Mr. Ford repeatedly cursed her, told her that their marriage was a mistake and that he was leaving her to move in with another woman. Mr. Ford testified that he and his wife had separate bedrooms during the last two years of their marriage, that they rarely had sexual relations due to Mrs. Ford’s refusal and that Mrs. Ford often drank alcohol excessively. He denied leaving his wife for another woman; however, he admitted that he moved into an apartment with this other woman but claims that they *1204 maintained separate bedrooms. No other testimony at trial corroborated either of the parties’ version of their marriage other than the plaintiff’s children who testified that they regularly heard the defendant curse the plaintiff in their presence. Many witnesses stated that they had never noticed Mrs. Ford in a state of intoxication as Mr. Ford claimed was a regular condition.
Therefore, the resolution of the fault issue in this case was basically a credibility determination on the part of the trial judge. The judge chose to believe Mrs. Ford’s account of the reasons leading to the separation of the parties in this case. Therefore, he found that Mr. Ford was solely at fault in the dissolution of this marriage.
Mr. Ford argues that either his wife was solely at fault or that mutual fault existed in this case. To be considered as fault, a spouse’s conduct must not only be of a serious nature but must also be an independent contributory or proximate cause of the separation. Taddonio v. Kinney-Taddonio, 428 So.2d 486 (La.App. 4th Cir.1983). Mrs. Ford’s alleged persistent and unjustified denial of sexual relations with Mr. Ford is contradicted by her testimony. She testified that she never refused her husband’s requests for sexual relations. The trial judge apparently believed her testimony rather than her husband’s testimony on this issue.
In examining the totality of the circumstances in this case, the trial judge’s factual finding that Mr. Ford was solely at fault is supported by the evidence and was not an abuse of his discretion.
As for Mr. Ford’s other contention that Mrs. Ford failed to show her necessitous circumstances or his means to pay alimony, the record shows otherwise. Mrs. Ford’s necessary monthly expenses greatly exceed her income and Mr. Ford receives a sufficient amount of income to afford the $200 monthly payments to Mrs. Ford as ordered by the trial judge. Mr. Ford’s allegation that the trial judge erred in failing to consider Mrs. Ford’s earning capacity or the liquidity of the couple’s community assets in determining whether an alimony award was warranted is also without merit. There is no evidence that the trial judge did not consider these factors in arriving at the alimony award as required by Civil Code Article 160. Therefore, we conclude that the monthly award of $200 in alimony to Mrs. Ford was not an abuse of the trial judge’s discretion.
For the reasons stated above, the judgment of the trial court is affirmed.
AFFIRMED.