129 So.2d 568 (1961)
Mrs. Laura Belle Frye ZARRILLI
v.
Dr. R. A. ZARRILLI.
No. 22.
Court of Appeal of Louisiana, Fourth Circuit.
May 2, 1961.
John T. Charbonnet, Louis E. Jung, New Orleans, for defendant-appellant. Robert I. Broussard, Gretna, for plaintiff-appellee.
Before REGAN, YARRUT and HALL, JJ.
REGAN, Judge.
The plaintiff, Mrs. Laura Belle Frye Zarrilli, instituted this suit against her husband, the defendant, Dr. R. Z. Zarrilli, endeavoring to obtain a divorce, permanent custody of their two minor children, and alimony in the amount of $180 monthly to provide for their maintenance; the plaintiff asserted that she and the defendant have been living separate and apart for more than two years, that no reconciliation had occurred, and that the separation was not caused through her fault; therefore, since she was not "at fault" she desired to preserve, while suspending, her right to assert a future claim for alimony for herself if and when she should become in need thereof.
The defendant answered and generally admitted the plaintiff's allegations, but denied *569 the amount of alimony needed and insisted that the plaintiff was "at fault" for the marital discord that provoked her desertion of him.
From a judgment in favor of plaintiff granting a divorce and pronouncing that she was "free of fault at the time of the separation and entitled to a pension under Art. 160 of the Code of Louisiana, should same become necessary," the defendant has prosecuted this appeal.
The record reveals that the plaintiff and the defendant were married on July 1, 1941, in Detroit, Michigan, while the defendant was a physician in military service assigned to the same hospital where the plaintiff was employed as a nurse. Two children were born of this marriage, namely, Larry and Maryann. In 1949 the family moved to Jefferson Parish, Louisiana, and resided there until June 1, 1955, when the plaintiff and the defendant agreed to separate as they were experiencing marital difficulties; the plaintiff and the children returned to Michigan, and the defendant established a residence with his mother in New Orleans.
The defendant described his relationship with his wife as one of "incompatibility in all of its various ramifications," and related that the dissension between them had been caused by the fact that he was a physician, specializing in the obstetrical and gynecologic branches of medical science, which necessitated that his working hours be irregular, and of course, very different from those of a physician attached to a military installation, to which his wife wished him either to return or to enter another profession. He explained that as a consequence of his professional duties, he was afforded little time for participation in family activities, and had been able to take only one vacation with his family; that he and the plaintiff had also engaged in several controversies over the care of the children and the inadequate income earned by him; that his wife frequently expressed her dissatisfaction about the foregoing matters by indulging in prolonged disagreeable discussions of them, and, "finally," he asserted that, "it became such an unhappy relationship that we decided to separate."
No efforts were made on the part of either spouse to reconcile and the defendant never requested the plaintiff to return to the matrimonial domicile.
The plaintiff, on the other hand, denied the existence of any aversion for the medical profession. She pointed to the fact that she has been a registered nurse for a number of years and has earned her livelihood in this capacity since her separation from the defendant. She explained that she knew the nature of the defendant's profession and its demands when she married him, to which she had no objection. She did object, however, to the defendant's absence from home and in not spending more time with his family on occasions when he was not professionally occupied; and finally, that she knew he enjoyed the companionship of other women during non-working hours. Evidence in the form of three short notes indicating the affection of two other women for the defendant were introduced into the record by the plaintiff to substantiate her reason for what she insisted initially provoked the marital dissension.
The plaintiff has not requested alimony for herself, but is endeavoring to be absolved from fault for the conditions which ultimately have resulted in the dissolution of her marriage. The plaintiff obviously desires to preserve this judicial pronouncement as economic security should she find herself in necessitous circumstances at some future time, in which event she will then be afforded the right to avail herself of the alimony provided for by the codal law[1] of this state.
*570 The defendant, however, insists that the plaintiff was not free from fault in causing the separation; and in addition, she abandoned him, which act of itself constitutes fault.
The trial judge concluded inter alia, that the plaintiff was "not at fault", and preserved, while suspending, her right to assert a claim for alimony for herself if and when she should become in need thereof.
The only question posed for our consideration by virtue of this appeal is whether plaintiff's freedom from fault presented an issue for judicial determination in a suit instituted by her, which was predicated on two years of separation and no alimony was claimed therein as then due, but her right thereto should be preserved in futuro.
We have not had the benefit of oral argument by counsel for the respective litigants since the matter was submitted to us on briefs.
The plaintiff's contention, and the proof adduced in support thereof, that the separation had not been caused through her fault but had resulted from the actions of her husband, did not present an issue for judicial determination by the trial court in a suit for divorce predicated on two years of separation and evidence adduced in support thereof, is consequently immaterial.[2]
Since there was no justiciable issue posed for the trial judge's consideration, i. e., a present claim and need for alimony, the lower court erred in determining that the plaintiff was "not at fault" and in then preserving her right, predicated thereon, to assert a claim for alimony in futuro[3] if the necessity therefor should arise.
For the reasons assigned, the judgment appealed from is reversed insofar as it passed upon the question of fault; in all other respects the judgment is affirmed.
Reversed in part, affirmed in part.
YARRUT, Justice (dissenting).
Where the wife does not put at issue her right to alimony in praesenti or in futuro, I agree that the jurisprudence is that fault vel non in causing the two-year separation is not at issue. However, where the wife does put at issue the question of fault in order to determine her status regarding alimony in futuro, should she be in necessitous circumstances, and her husband accepts the issue, and the issue is heard and adjudicated by the court, it should become res adjudicata.
The prayer for an adjudication to fix her right to alimony, rather than her present need, is not a prayer for an advisory opinion based on facts that may or may not develop in the future, but upon existing and provable facts concerning existing fault of either or both spouses causing the separation.
The text of the Declaratory Judgment statute (LSA-R.S. 13:4231, now LSA-Code of Civil Procedure Art. 1871), and jurisdiction leave no doubt that both wife and husband, or either, may ask for an adjudication of the obligation of the husband to pay, and the legal right of the wife to receive, alimony in futuro.
LSA-R.S. 13:4231, provides:
"Courts of record within their respective jurisdictions may declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on *571 the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree."
The superseding Art. 1871 of the new Code of Civil Procedure is the same, with the exception (not pertinent here) of the proviso, that "* * * the existence of another adequate remedy does not preclude a judgment for declaratory relief".
The general rule for declaratory relief is that such proceeding must involve an actual controversy of a justiciable character, between parties having adverse interests. The question must be real and not theoretical; the person raising it must have a real interest, and there must be some one having a real interest in the question who may oppose the declaration sought. The purpose of the law is to settle and afford relief from uncertainty and insecurity with respect to rights, status and other legal relations, and is to be liberally construed and administered. It is sufficient if the question or contention is based on existing facts, not those to develop in the future. The facts concerning fault which caused the separation exist at the time of the divorce proceeding. The necessity of the wife may or may not exist at the time. The fact that the necessity does not exist now is no reason why her status and legal right to alimony, if necessity should arise, should not be finally decided, particularly when both husband and wife submit the matter to the court for final adjudication.
The wife, not presently entitled to alimony solely because she is gainfully employed may, by the simple expedient of quitting her employment, put at issue both her legal right thereto and her need therefor.
In a two-year divorce suit, where the wife admits she is gainfully employed, but prays for an adjudication of her status regarding the right to alimony in futuro, in which the husband meets the issue, which is heard and adjudicated by the trial judge, I do not believe it is the province of this Court, ex proprio motu, to furnish the plea of pre-maturity which in effect, is what we are doing.
I respectfully dissent and think we should decide this appeal on the correctness or incorrectness of the trial court's judgment on factual issues.
NOTES
[1] "If the wife who has obtained the divorce has not sufficient means for her maintenance, the Court may allow her in its discretion, * * * alimony * *; provided, however, that in cases where, under the laws of this State a divorce is granted solely on the ground that the married persons have been living separate and apart for a certain specified period of time, and the husband has obtained a divorce upon the ground of such living separate and apart, and the wife has not been at fault, then the Court may allow the wife in its discretion, * * * alimony * * *." Art. 160, La.Civil Code of 1870.
[2] Williams v. Williams, 1949, 215 La. 839, 41 So.2d 736.
[3] McKnight v. Irving, 1956, 228 La. 1088, 85 So.2d 1, 2. See also concurring opinion therein; 17 LLR 303, 308.