276 So.2d 362 (1973)
Richard S. NIETO
v.
Cristel TEN WOLDE, wife of Richard S. NIETO.
No. 5372.
Court of Appeal of Louisiana, Fourth Circuit.
April 17, 1973.
*363 Ronald S. Ruiz, New Orleans, for plaintiff-appellant.
Milling, Benson, Woodward, Hillyer & Pierson, H. H. Hillyer, III, New Orleans, for defendant-appellee.
Before REGAN, GULOTTA and BOUTALL, JJ.
BOUTALL, Judge.
This is an appeal by a father from an adverse judgment of custody of his minor son, changing custody from the father to the mother, incidental to a judgment of divorce based upon two year separation. Appellant contends that he had been granted custody of the child in prior judgments, and that the only basis for change of custody is a showing of sufficient of change of circumstances or conditions or showing that the child was in a detrimental environment with the party having custody, and that the other party could provide a better environment. To assist in considering his argument, it becomes necessary to recount the procedural status of the case.
Suit was originally brought by Mr. Nieto against his wife praying for a separation from bed and board on the grounds of abandonment. Incidental to this petition he sought custody of the minor child born of the marriage. A rule for custody was set for hearing, and Mrs. Nieto did not appear. Accordingly the trial judge entered a judgment of custody pendente lite, awarding custody to Mr. Nieto, who had the actual physical custody at the time. It might be further noted that Mrs. Nieto did not answer the merits of the separation suit and although a judgment of preliminary default was entered at a later date, no further proceedings were had in the matter of the separation.
After the lapse of more than two years from the filing of the separation suit, Mr. Nieto filed in that same proceeding a petition for divorce, based upon two year voluntary separation. To this petition Mrs. Nieto filed an answer alleging reconciliation between the parties, and in reconvention, sought a divorce on her own behalf alleging a two year separation after the reconciliation. Later, by supplemental petition she sought a divorce on the grounds of adultery. Incidental to her pleadings she sought, among other things, a change in custody pendente lite, and permanently, and in connection therewith filed a rule to show cause why the former judgment of custody pendente lite should not be cancelled. Hearing was had on the rule, and the court awarded judgment in favor of *364 Mr. Nieto continuing custody in him until further orders of the court. At a later date hearing was had on the merits of the various divorce issues and for permanent custody, and in that judgment, which awarded a divorce to Mr. Nieto on the grounds of two years' separation, the court awarded Mrs. Nieto the permanent custody of the child, and fixed alimony for his support. The appeal followed.
The Supreme Court of Louisiana has set out the general legal principles applicable to awards of custody, together with the bounds of appellate review, in the case of Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971). These principles have been repeated with approval in the case of Estes v. Estes, 261 La. 20, 258 So.2d 857 (1972). In Estes, the court had this to say:
"[3] Further, an appellate court must give great weight to the trial court's considered determination of custody. If the trial court decides which parent should best have custody for the children's sake after it has applied correct principles of law, a reviewing court should disturb such custody determination only where there is a clear abuse of the trial court's discretion in the matter, even though reasonable minds might differ as to the children's best interest under the variant circumstances suggested by a particular record."
We consider the facts to be as follows. At the time of the separation between his parents, the child, Peter Nieto, was nearly two years of age, having been born on April 21, 1967. The parents were having difficulties living together, and had consulted a marriage counsellor in an effort to save the marriage. Nevertheless, Mrs. Nieto left the matrimonial domicile and established a separate residence after being denied accommodations in her family's home. At this time she left the child with the husband, feeling that she could not adequately take care of him. Despite living apart, the parties continued to work together in Mr. Nieto's place of employment, and Mrs. Nieto visited the family home and did a number of the household chores as well as taking care of the child. Mr. Nieto had filed a suit for separation during this period of time, however there was expectation on behalf of the parties that a reconciliation could take place. Accordingly, Mrs. Nieto continued to work with Mr. Nieto and even attended his business when he went to court to seek the first order of temporary custody. A clear demonstration of the attempts of the parties to reconcile is shown by their taking a Caribbean cruise together shortly thereafter. The reconciliation, however, was not effective, and the parties continued to drift apart, although Mr. Nieto promised that he would not prosecute his separation suit.
Mr. Nieto continued to have the physical custody of Peter for the next two years, although he granted to Mrs. Nieto visitation rights, and the record is replete with evidence to the effect that she was with the child several times per week. After two years elapsed, Mr. Nieto then filed his petition for divorce and this brought on the first contested custody rule. In awarding temporary custody to Mr. Nieto, the court stated that it was concerned with the length of time that it took Mrs. Nieto to ask for custody, and so felt, that because it was a proceeding for custody pendente lite, that the child should be left in its present circumstances. The court further explained at the time of final award, that it was not convinced that Mrs. Nieto was able to adequately care for the child at that time. It should be noted that at the time of the separation Mrs. Nieto and her parents were in disagreement because of her parent's strong opposition to the breaking of a marriage, either in separation or divorce because of their religious and moral feelings. Accordingly she was refused the accommodations she sought with them, and indeed she presents a picture of a rather confused young woman at that time. Nevertheless she has long since been gainfully employed as a teller in a local bank *365 and has been residing amicably with her parents for some time as of the date of the trial on the merits. Thus, at this later time she presents a picture of a competent, stable young lady able to afford her child a comfortable and stable home.
The trial judge indicated in his reasons for judgment that he found a change in situation, that she had satisfactorily explained why she delayed in asking for permanent custody and that he accordingly granted judgment for permanent custody to Mrs. Nieto, despite his finding that Mr. Nieto was furnishing the child a satisfactory home. For this reason he granted very broad visitation privileges to Mr. Nieto.
We are of the opinion that the ruling of the trial court was correct. The facts simply demonstrate a situation wherein a young mother who loves her child is unable to temporarily take care of him in an adequate fashion, and for that reason, together with hopes for reconciliation with her husband, waits until she is able to afford the child a proper and suitable home before assuming his custody. We note that the prior award of custody was not an award of permanent custody but was only an award of custody pendente lite. Based upon these facts, together with the applicable principles of law as announced in Estes v. Estes, supra, we find no basis upon which to disturb the ruling of the trial judge.
The appellee has answered the appeal herein and complains of three particulars. She seeks an increase in child support from $25.00 per week to $60.00 per week, and a lessening of the visitation schedule set by the court. She further complains that the judgment attributes legal fault to her for the separation and thus deprives her of her right to alimony.
As for the child support, the only evidence in the record is that Mr. Nieto had an income in the amount of $3,220.70 per year. The court announced that unless proof could be shown that this figure was not accurate he would have to accept that amount and accordingly set child support at the amount of $25.00 per week. We feel that this is an adequate award under the proof demonstrated.
On the question of visitation rights, we find very little to suggest to us that the trial court was in error in awarding the visitation rights that it did, although they are extremely liberal. Although Mrs. Nieto complains of these rights before us on appeal, at the time of the rule for visitation rights when asked if she wished her husband to have liberal visitation rights she announced that for the child's sake she did and that the basis should be on the basis that she previously enjoyed. There is no basis for us to make a determination that the trial judge was in error.
The last issue before us is that of appellee's complaint of a finding of fault by the wife in the judgment of divorce. We note that the judge made no mention of fault in his decree, but only in his reasons for judgment prior thereto. We note that the trial procedure was that first the court took up the question of the divorce for two years separation, and then took up the question of custody. The testimony was all concerned with the question of custody, and because the judge's finding of fault for the separation is not in the decree, it would appear to us that he was making these statements in connection with the evidence relating to custody. However, we feel that we should consider the matter.
The issues before the court were a divorce on the grounds of separation of two years as provided in R.S. 9:301, together with ancillary matters of custody and child support. The wife did not seek alimony for herself, either pendente lite or permanently, nor is there a request for such alimony. We said in the case of Zarrilli v. Zarrilli, 129 So.2d 568 (La.App.4th Cir. 1961) that evidence of fault in a divorce suit predicated on two years of separation wherein the wife was not seeking alimony was immaterial and that there was *366 no justiciable issue posed for the trial court to consider when the wife simply sought preservation of her rights for future alimony. Recently, in the case of Wagner v. Wagner, 248 So.2d 96 (La.App.4th Cir. 1971) we stated that it is manifest that under LSA-R.S. 9:301 fault is not an issue to be determined in considering whether or not a divorce should be granted but appears only if the wife should ask for alimony. Accordingly, we conclude that no issue of fault was presented in this case, and that if it be considered that the statement of fault was made in connection with the right to alimony (which we do not believe it to be) such a finding would be in error.
For the reasons above assigned, we are of the opinion that the judgment appealed from is correct, and we affirm it. Appellant to pay all costs of this appeal.
Affirmed.