388 So.2d 57 (1980)
Danny Ray BRADY, Sr.
v.
Sue Jean BRADY.
No. 13398.
Court of Appeal of Louisiana, First Circuit.
June 9, 1980.
Rehearing Denied September 4, 1980.
Daniel R. McGovern, IV, New Orleans, for plaintiff, appellee.
*58 Jacqueline Carr, Slidell, for defendant, appellant.
Before COVINGTON, LOTTINGER and COLE, JJ.
COVINGTON, Judge.
This is an appeal from a judgment of the trial court granting the plaintiff-appellee, Danny Ray Brady, a divorce from the defendant-appellant, Sue Jean Brady, on the grounds of living separate and apart for one year. The judgment also found "mutual fault with regard to the pleading of separation." We amend and affirm as amended.
The plaintiff initiated the original action for separation from bed and board predicated on abandonment without lawful cause on September 25, 1978. The defendant filed an answer in the nature of a general denial on October 23, 1978.
Thereafter, on December 4, 1978, the defendant filed an amended answer and reconventional demand, seeking separation in her favor, custody of the two minor children, child support and alimony pendente lite. The primary basis on which the wife sought separation in her favor was cruel treatment. She also included as a basis: abandonment by her husband "leaving her with an eviction notice for September 20, 1978, forcing her to vacate the marital domicile at # 2940-B Camilia, and move to her mother's residence where she has been forced to reside." The plaintiff answered the reconventional demand on December 27, 1978, denying the material allegations. Subsequently, the plaintiff filed a supplemental and amending petition setting out that the parties had not lived together since September 4, 1978, and that pursuant to LSA-R.S. 9:301, as amended by Act No. 360 of 1979, which became effective September 7, 1979, the plaintiff was entitled to a divorce.
The matter came on for trial pursuant to previous assignment, and the trial court granted a judgment of divorce in favor of the plaintiff. The court also made a finding of mutual fault with regard to the separation. The defendant has appealed this judgment.
The defendant claims on appeal that the trial judge erred in allowing the matter to go to trial when the defendant had not been served with, or answered, the supplemental petition. The record shows that the defendant made no objection to proceeding with the trial despite the status of the pleadings; she actively participated in the trial of the cause.
A party permitting a case to go to judgment without objecting to the procedure or excepting to the pleadings can not question, on appeal, the propriety of the proceedings. Stafford v. National Fire Ins. Co. of Hartford, 164 La. 409, 114 So. 78 (1927).
Garry v. Zor, Inc., 181 So.2d 828 (La.App. 4 Cir. 1966), cited by the defendant, is inapplicable because in Garry the party questioning the validity of the judgment had not only not filed pleadings but also had made no appearance in the matter. We find that the defendant, by appearing in these proceedings and actively participating therein, waived her objections to the want of process and the propriety of the proceedings.
The record reveals that at the trial on September 10, 1979, both parties admitted under oath that they had lived separate and apart without reconciliation since September 4, 1978. The law is settled that when the statutory period is shown (now only one year under LSA-R.S. 9:301), the court has no discretion, but must grant the divorce as prayed for. See Otis v. Bahan, 209 La. 1082, 26 So.2d 146 (1946).
The appellant also argues that the trial court erred in finding "mutual fault" in its judgment, because fault is not an issue in a divorce proceeding based on LSA-R.S. 9:301, as amended, unless the wife demands alimony. We agree.
In discussing LSA-R.S. 9:301 (when the separation term was two years instead of the present one year) the Court in Nieto v. Nieto, 276 So.2d 362, 365 (La.App. 4 Cir. 1973), said:

*59 "The issues before the court were a divorce on the grounds of separation of two years as provided in R.S. 9:301, together with ancillary matters of custody and child support. The wife did not seek alimony for herself, either pendente lite or permanently, nor is there a request for such alimony. We said in the case of Zarrilli v. Zarrilli, 129 So.2d 568 (La.App. 4th Cir. 1961) that evidence of fault in a divorce suit predicated on two years of separation wherein the wife was not seeking alimony was immaterial and that there was no justiciable issue posed for the trial court to consider when the wife simply sought preservation of her rights for future alimony. Recently, in the case of Wagner v. Wagner, 248 So.2d 96 (La.App. 4th Cir. 1971) we stated that it is manifest that under LSA-R.S. 9:301 fault is not an issue to be determined in considering whether or not a divorce should be granted but appears only if the wife should ask for alimony. Accordingly, we conclude that no issue of fault was presented in this case, and that if it be considered that the statement of fault was made in connection with the right to alimony (which we do not believe it to be) such a finding would be in error."
It is thus manifest that under LSA-R.S. 9:301 fault is not an issue to be determined in considering whether or not a divorce should be granted. Vignes v. Vignes, 311 So.2d 615 (La.App. 1 Cir. 1975); Wagner v. Wagner, 248 So.2d 96 (La.App. 4 Cir. 1971).
This is not a case where separation is sought pursuant to LSA-C.C. art. 141, as enacted by Act No. 495 of 1976, "although both spouses are mutually at fault in causing the separation." Hence, we find that the trial court erred in making a finding of "mutual fault" in his judgment.
For the foregoing reasons, the judgment of the trial court is amended to exclude the finding of fault or mutual fault on the part of either party to this action; and, as amended, the judgment is affirmed. The costs of this appeal are to be borne equally by appellant and appellee.
AMENDED AND AFFIRMED.