400 So.2d 1152 (1981)
Marta P. LATINO
v.
Joseph N. LATINO.
No. 14025.
Court of Appeal of Louisiana, First Circuit.
April 13, 1981.
Elaine W. Guillot, Slidell, for plaintiff-appellee.
Bernard S. Smith, Covington, for defendant-appellant.
Before COVINGTON, CHIASSON and LEAR, JJ.
COVINGTON, Judge.
This is an appeal by the defendant, Joseph N. Latino, from a judgment in favor of the plaintiff, Marta P. Latino, granting a divorce, granting custody of two of the children to the plaintiff and custody of the older child to Mr. Latino, subject to visitation privileges, awarding child support to Mrs. Latino for the two younger children in her custody, and specifically finding fault on the part of Joseph N. Latino. It is this last finding to which the appellant objects; he asserts that the trial court committed manifest error in finding Mr. Latino at fault for the separation or in not finding mutual fault.
This action commenced as a petition for divorce based on the parties living separate and apart, without reconciliation, continuously for a period of more than one year.[1] The wife sought custody and child support, but did not ask for alimony for herself. The husband answered in the nature of a general denial, but admitted the continuous separation without reconciliation. By stipulation of counsel, the "issue of fault" was tried.
We find that the pleadings do not support such a stipulation. Under LSA-R.S. 9:301, fault is not an issue to be determined in considering whether or not a divorce should be granted. Brady v. Brady, 388 So.2d 57 (La.App. 1 Cir. 1980); Vignes v. Vignes, 311 So.2d 615 (La.App. 1 Cir. 1975).
In discussing the cited statute (when the separation term was two years instead of the present one year), the Court in the case of Nieto v. Nieto, 276 So.2d 362, 365 (La. App. 4 Cir. 1973), stated:

*1153 "The issues before the court were a divorce on the grounds of separation of two years as provided in R.S. 9:301, together with ancillary matters of custody and child support. The wife did not seek alimony for herself, either pendente lite or permanently, nor is there a request for such alimony. We said in the case of Zarrilli v. Zarrilli, 129 So.2d 568 (La.App. 4th Cir. 1961) that evidence of fault in a divorce suit predicated on two years of separation wherein the wife was not seeking alimony was immaterial and that there was no justiciable issue posed for the trial court to consider when the wife simply sought preservation of her rights for future alimony. Recently, in the case of Wagner v. Wagner, 248 So.2d 96 (La. App. 4th Cir. 1971) we stated that it is manifest that under LSA-R.S. 9:301 fault is not an issue to be determined in considering whether or not a divorce should be granted but appears only if the wife should ask for alimony. Accordingly, we conclude that no issue of fault was presented in this case, and that if it be considered that the statement of fault was made in connection with the right to alimony (which we do not believe it to be) such a finding would be in error."
We find that no issue of fault was presented in the instant case, thus we hold that the trial court erred in making a finding of "fault on the part of the defendant, Joseph N. Latino."
For the foregoing reasons, we amend the judgment of the District Court to exclude the finding of fault on the part of the defendant, Joseph N. Latino, and, as amended, we affirm the judgment. The costs of this appeal are to be borne equally by appellant and appellee.
AMENDED AND AFFIRMED.
NOTES
[1] LSA-R.S. 9:301 provides:

"When the spouses have been living separate and apart continuously for a period of one year or more, either spouse may sue for and obtain a judgment of absolute divorce."