422 So.2d 245 (1982)
Elizabeth Budd Saunders wife of Lawrence C. SAUNDERS
v.
Lawrence C. SAUNDERS.
No. 13229.
Court of Appeal of Louisiana, Fourth Circuit.
November 2, 1982.
*246 Elizabeth Saunders, in pro. per.
Robert C. Lowe, New Orleans, for defendant-appellee.
Before BYRNES, KLEES and WARD, JJ.
BYRNES, Judge.
This is an appeal from a judgment of divorce based on La.R.S. 9:301. We affirm.
The facts of the case are as follows: In November 1979, Elizabeth Budd Saunders, appellant herein, filed suit for separation based on abandonment. A judgment was entered on March 4, 1980 granting the separation and finding Mrs. Saunders free from fault. In December 1980, Lawrence C. Saunders, appellee herein, filed suit for divorce under La.R.S. 9:301, alleging that the parties had lived separate and apart without reconciliation for more than one year. Mrs. Saunders reconvened, admitting that the parties had been separated without reconciliation for greater than a year, but urging that Mr. Saunder's suit be dismissed and that she be granted a divorce based on her earlier separation judgment. She further prayed that she be found free from fault and awarded permanent alimony.
A pre-trial conference was held, during which a written stipulation, signed by counsel for both parties, was entered into, severing Mrs. Saunders' demand for permanent alimony from Mr. Saunders' main demand for a divorce. Trial was held on June 25, 1981, and a judgment granting Mr. Saunders a divorce was signed on July 7, 1981.
On appeal Mrs. Saunders asks this court to set aside that judgment and grant her a divorce based on her earlier separation suit. This we cannot do.
Both parties have admitted to living separate and apart without reconciliation for greater than one year. When the appropriate statutory period has been shown, the trial court has no discretion, but must grant the divorce. Brady v. Brady, 388 So.2d 57 (La.App. 1st Cir.1980) Otis v. Bahen, 209 La. 1082, 26 So.2d 146 (1946). It follows that the trial court did not commit error by granting the divorce.
Appellant's contention that she should have been granted a divorce based on her judgment of separation is without merit. At the time Mr. Saunders was granted his divorce one year had not elapsed from the signing of Mrs. Saunders judgment of separation. Thus she was not entitled to a divorce on that basis. See La.R.S. 9:302.
The issue of permanent alimony was severed from the main demand in this case by joint stipulation. There has been no trial on this issue and we have no facts in the record which would enable us to rule on it. Accordingly, we do not consider the claim for permanent alimony. The ruling of the trial court is affirmed.
Costs of this appeal are to be borne by the appellant.
AFFIRMED.