466 So.2d 561 (1985)
Roy P. BENOIT
v.
Janet Martin BENOIT.
No. 84-CA-462.
Court of Appeal of Louisiana, Fifth Circuit.
March 11, 1985.
Craig J. Cimo, Gretna, for plaintiff-appellee.
Cornelius E. Regan, Gretna, for defendant-appellant.
Before BOUTALL, CURRAULT and GAUDIN, JJ.
GAUDIN, Judge.
This is an appeal by a wife deprived of permanent alimony because the district court found her not free from fault. The record indicates that the trial judge was clearly wrong in making this determination, and we reverse.
Appellee Roy P. Benoit and his wife Janet, the appellant, had been living separate and apart since November 27, 1983. Their separation suit was tried on May 23, 1984, and on the following day a judgment of legal separation was rendered. The judgment also provided:
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there is a finding by the Court that neither Roy *562 P. Benoit or Janet Martin Benoit is free from fault, and that the fault of each party contributed to the separation herein, the Court finding each party to be at fault ..."
It is apparent from the testimony that Mrs. Benoit's "fault" consisted of repeated discussions or arguments with Mr. Benoit, mostly over his relationship with another woman named Bernice.
When Mr. Benoit testified, he said his home life with Mrs. Benoit was "miserable," but he admitted:
(1) That while he was living with Mrs. Benoit, he maintained a separate apartment because "... it's a good place to go when I didn't want to go home ...";
(2) That he had seen Bernice in her apartment and elsewhere on a regular basis for two years prior to his physical separation from Janet;
(3) That he kept clothes in Bernice's apartment;
(4) That he never went directly home after work and usually returned home late at night or during the early morning hours; and
(5) That his daughter observed him dancing with Bernice in a lounge several months prior to November, 1983.
Mrs. Benoit said that she had seen her husband with Bernice in lounges at least three times before November, 1983.
Following the trial, the district judge said:
"... there's no doubt in the Court's mind that Mr. Benoit's activities with the lady named in the testimony is of such a nature as to justify fault, or would constitute fault. And certainly I find that Mr. Benoit is at fault in the separation."
Mrs. Benoit's legal fault, on the other hand, was not so conspicuous. The trial judge said:
"The matter of fault on the part of Mrs. Benoit is of little more concern to the Court. After reviewing the testimony and the allegations, while I find that Mrs. Benoit was probably justified in her accusations, the testimony was such that the Court is of the opinion that her conduct was beyond the bounds of that of a wife who has justified cause to confront a husband with his activities, that her arguing and physical confrontations and extreme conduct respecting the burning of the clothes and the threat of burning the home and automobile ... constitute fault on her part, and accordingly, the Court is going to find that there is mutual fault ..."
The "burning of the clothes and the threat of burning the home and automobile" came after Mr. Benoit had left the matrimonial domicile on November 27, 1983 and said he would not return.
Mrs. Benoit's conduct, before the separation, under the facts and circumstances testified to, was not "beyond the bounds." She said that she "... always had food cooked, had a clean house, took care of my children, took care of the things in the house ..." Mr. Benoit did not take issue with these statements, saying instead that Mrs. Benoit would "... just jump on my case ... always trying to say that I was out, taking out other women, going out with other women and I was involved with other women ..."
Only Mr. Benoit's uncorroborated testimony placed Mrs. Benoit's conduct "beyond the bounds." Mrs. Benoit said that she "... heard rumors of him being with other women ..." and that she "... asked him time and time again to be honest with me..." Mrs. Benoit denied that the arguments were as violent as Mr. Benoit said they were and she said she used physical force only to defend herself. Asked if she ever tried to "claw" Mr. Benoit, she replied:
"When he came at me first, yes, to protect myself I did try, but I'm smaller than what he is and naturally I got the worse of it."
We find that Mrs. Benoit's conduct, even if it made Mr. Benoit uncomfortable, was a justifiable and reasonable response to Mr. Benoit's primary fault and was not an independent contributory cause of this marriage's *563 breakdown. As in Jones v. Jones, 442 So.2d 817 (La.App. 4th Cir.1983), a case very similar factually to the instant matter, there was no serious misconduct, substantial acts or mental abuse on the wife's part to support a separation under LSA-C.C. Art. 138, or a divorce under Art. 139, and a judgment putting her at fault and precluding permanent alimony was manifestly erroneous. See also Honley v. Honley, 416 So.2d 631 (La.App. 2nd Cir.1982).
For the foregoing reasons, we reverse that portion of the separation judgment stating that Mrs. Benoit was not free from fault. Appellee is to bear costs of this appeal.
REVERSED.