472 So.2d 115 (1985)
Selma Schwing SCHWARTZ
v.
Mathias J. SCHWARTZ.
No. 85-CA-108.
Court of Appeal of Louisiana, Fifth Circuit.
June 3, 1985.
*116 Louis G. Gruntz, Jr., Jefferson, for defendant-appellant.
Carolyn W. Gill, Marrero, for plaintiff-appellee.
Before CURRAULT, GRISBAUM and DUFRESNE, JJ.
DUFRESNE, Judge.
This is an appeal by Mathias Schwartz, defendant-appellant, from a judgment awarding permanent alimony to his former wife, Selma Schwartz, plaintiff-appellee. Because we find that the trial court has not adjudicated this issue, we remand for further proceedings consistent with this opinion.
We note at the outset that this case comes before us in a peculiar procedural posture. In the related case of Schwartz v. Schwartz, Docket No. 84-CA-483, the legal issue sought to be resolved was whether post-separation fault sufficient to defeat an award of permanent alimony pursuant to La.Civ.Code art. 160, was to be determined by reference only to Article 139 of the Code, or by reference to both articles 138 and 139. In an unpublished opinion, this court dismissed the appeal on the grounds that as the trial court judgment granting the divorce did not contain any adjudication of post-separation fault or freedom from such fault, there was no final judgment on that issue from which an appeal would lie. However, in the present action, a rule for permanent alimony brought by Mrs. Schwartz, it is clear that the trial judge assumed that his prior judgment of divorce did contain an adjudication that Mrs. Schwartz was free from post-separation fault. Indeed, it was this very assumption upon which the award of permanent alimony was based. In this court's opinion, the trial court's implicit reliance on the prior judgment, constitutes sufficient judicial notice of that proceeding in that forum for this court to consider the record of that case as part of the record in the case before us, Chrysler Credit Corporation v. Henry, 221 So.2d 529 (La.App. 4th Cir.1969).
In his reasons for judgment in the prior case, the trial judge interpreted the fault provision of La.Civ.Code art. 160, to mean that only the types of fault specified in art. 139, i.e. adultery or conviction of a felony and a sentence of death or imprisonment at hard labor, would constitute sufficient grounds to deny permanent alimony. This is a too restrictive interpretation of art. 160.
We conclude that for purposes of determining post-separation fault, reference must be made to both article 139 and 138, Adams v. Adams, 389 So.2d 381 (La. 1980); McKnight v. McKnight, 401 So.2d 445 (La.App. 1st Cir.1981); Boudreaux v. Boudreaux, 407 So.2d 1363 (La.App. 3rd Cir.1981). This is not to say, however, that the provisions of art. 138 are to be applied mechanically. Obviously, the grounds of paragraphs 9 and 10 of that article would not be applicable. Similarly, once a separation has been granted, and there has been no reconciliation, an abandonment under paragraph 5, can no longer take place. The more difficult question, at issue here, is whether paragraph 3, relating to intemperance, cruel treatment, or outrages which render living together unsupportable is applicable once the spouses are legally separated and living apart. We are persuaded that it is for the following reasons.
As the court reasoned in Moon v. Moon, 345 So.2d 168 (La.App. 3rd Cir.1977), *117 the post-separation waiting period of La. R.S. 9:302, is designed to give the spouses a chance to reconcile their differences and resume their marriage. While this statute does not require either spouse to make an effort at reconciliation, neither does it give either of them unbridled license to mistreat, abuse, or otherwise commit outrages on the other which would preclude any possibility of reconciliation. If such actions could have no bearing on the issue of fault for purposes of permanent alimony, a spouse not adjudged at fault in the separation might well be inclined to act vindictively toward the other, secure in the knowledge that his or her right to permanent alimony could not thereby be affected. This would clearly be contrary to the legislative intent in providing a waiting period between separation and divorce.
We emphasize, however, that such fault must not only be serious in nature, but must also be an independent contributory or proximate cause of the final divorce, Boudreaux v. Boudreaux, supra, and cases cited therein.
We also state that a finding of post-separation fault based on intemperance, cruel treatment or outrages should be made only on clear and convincing proof that the acts alleged were truly cruel and outrageous and were committed purely in a spirit of calculated vindictiveness.
The final issue here is whether Mrs. Schwartz bore her burden of proving freedom from fault at the hearing on the rule for alimony. She obviously did not because she, as well as the trial court, relied on the divorce judgment as being an adjudication of that issue, and concluded therefore that that question was res judicata. Because a panel of this court has previously determined that there has not been an adjudication as to her freedom from post-separation fault, we remand for further proceedings on that question in accordance with this opinion.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.