BOWES, Judge.
Christie Schwartz Arnoult, defendant-appellant, appeals the dismissal by the trial court of an appeal of a judgment rendered March 1, 1985, granting her ex-husband a divorce pursuant to L.R.S. 9:301 (living separate and apart continuously for not less than one year). In his brief, appellant lists four assignments of error. However, only assignment number one, the dismissal of the appeal from the March 1, 1985 judgment, is properly before this court as assignments two, three and four address the merits of the appeal dismissed by the trial court.
The appeal of the divorce judgment was dismissed for failure to pay costs of the appeal in accordance with LSA C.C.P. art. 2126:
Art. 2126. Payment of costs
A. The clerk of the trial court, immediately after the order of appeal has been granted, shall estimate the cost of the preparation of the record on appeal, including the fee of the court reporter for preparing the transcript and the filing fee required by the appellate court. The clerk shall send a notice by certified mail of the estimated costs to the appellant.
B. Within twenty days of the mailing of notice, the appellant shall pay the amount of the estimated costs to the clerk. The trial court may grant one extension of the period for paying the amount of the estimated costs for not more than an additional twenty days upon written motion showing good cause for the extension. [...]
E. If the appellant fails to pay the estimated costs, or the difference between the estimated costs and the actual costs, within the time specified, the trial judge, on his own motion or upon motion by the clerk or by any party, and after a hearing, shall:
(1) Enter a formal order of dismissal on the grounds of abandonment; or
(2) Grant a ten day period within which costs must be paid in full, in default of which the appeal is dismissed as abandoned.
The record reveals that Mrs. Arnoult petitioned the district court for a suspensive *562 appeal of the divorce judgment, rendered March 1, 1985, on April 10, 1985. The trial court granted defendant’s petition and set a suspensive appeal bond of $250.00. The bond was posted that same day.
Two days later, on April 12, 1985, appellant counsel, Mr. Gibson Tucker, Jr., was notified of the costs of the appeal and advised that said costs were due May 2, 1985. Mr. Tucker neither paid the costs nor requested any extension of time in which to do so.
On July 16, 1985, the trial court issued a “Show Cause” order to Mr. Tucker ordering him to appear and convince the court why sanction (i.e., dismissal) should not be imposed in accordance with LSA C.C.P. art. 2121.
Counsel appeared at the hearing on August 14, 1985, as ordered, and tendered to the court a receipt allegedly showing the costs had been paid the previous day (we use the term “allegedly” since the date on the receipt is written in black ink, whereas the remainder of the receipt is a carbon copy).
Counsel for Mr. Arnoult pointed out to the court (1) that even if the costs had been paid August 13th, they were paid over three months late and (2) that, until the divorce decree was final, his client was still obligated to pay the alimony pendente lite which had been awarded in a prior suit for separation from bed and board.
The learned trial judge, in finding for the plaintiff-appellee, stated:
The Court is going to dismiss the appeal. The costs were not paid timely. In a situation like this, time limits are set up, and they’re set up to be observed by all parties involved. They were not.
At no time during that hearing did appellant argue or allege any irregularity in the obtaining of the divorce decree or that her rights had been in any way prejudiced or infringed upon by granting of the decree. We note that when the appropriate period, as stated in R.S. 9:301, has elapsed, the Court has no discretion but to grant a divorce to the parties who have lived separate and apart without reconciliation. See Saunders v. Saunders, 422 So.2d 245 (La.App. 4th Cir.1982) and cases cited therein.
Further, the living “separate and apart” required by the statute must be voluntary only on the part of one of the spouses. Adams v. Adams, 408 So.2d 1322 (La.1982); and, finally, where a divorce is granted based on R.S. 9:301, the issue of fault is not presented for determination. Latino v. Latino, 400 So.2d 1152 (La.App. 1st Cir.1981).
Considering the foregoing and the fact that appellant’s appeal in this court came within hours of being dismissed for “failure to prosecute” her appeal, it is obvious to us that the only reason for the continuing, protracted, litigation in this matter is plaintiff’s desire to continue receiving substantial alimony pendente lite that should have rightfully ceased long ago.
As was brought out by appellee’s attorney, Mr. Arnoult was paying $1,000.00 per month in alimony pendente lite. We feel that said payments continued for at least six months longer than did appellee’s obligation to make said payments. Accordingly, we affirm the judgment of the trial court dismissing Mrs. Amoult’s appeal; in addition, we find this appeal to be completely frivolous and, under Uniform Rules — Courts of Appeal, Rule 2 — 19, award damages to appellee, Charles Francis Arnoult, III, in the amount of five thousand and 00/100 ($5,000.00) dollars. All costs of this appeal are to be borne by appellant.
AFFIRMED.