WICKER, Judge.
This appeal arises from a judgment of divorce based upon adultery which was granted in favor of the husband, Dr. Jerry Dwayne Helms, against the wife, Edna Dale Smith Helms. Mrs. Helms has appealed that judgment. Dr. Helms has answered the appeal seeking damages for a frivolous appeal. A motion to dismiss the answer to the appeal was filed by Mrs. Helms. We affirm the judgment of the trial court; deny the motion to dismiss the answer and find that the appeal taken is not frivolous.
PROCEDURAL HISTORY:
Mrs. Helms filed a petition for separation based on cruel treatment in the 22nd Judicial District Court in St. Tammany Parish. Dr. Helms reconvened in that proceeding urging cruel treatment as well as an alleged act of adultery committed on February 21, 1987 by Mrs. Helms. The parties were physically separated on August 24, 1986; thus, the purported adultery occurred after the physical separation but before the legal separation which was granted by the 22nd Judicial District Court on July 21, 1987.
While the St. Tammany suit for separation was pending, Dr. Helms filed a petition for divorce on March 2, 1987 in the 24th Judicial District Court in Jefferson Parish. He urged as the' ground for divorce the alleged act of adultery committed on February 21, 1987.
On July 27, 1987 Mrs. Helms filed a rule in the 24th Judicial District Court to establish alimony. This rule was set for either the 10th or 11th of August, 1987.[1] There is *503 no ruling from the court as to the alimony in the record before us.
The divorce trial was held on September 30,1987. On that date Mrs. Helms filed an exception styled “No Right or Cause of Action,” asserting that adultery had previously been litigated in the 22nd Judicial District Court in which she was found free of fault.
The trial judge in the instant proceeding granted a judgment of divorce on October 6, 1987 based on adultery and denied the exception. Mrs. Helms’ has filed a suspen-sive appeal specifying the following errors:
1. That the trial court erred in refusing to grant her exceptions as a matter of law;
2. That the trial judge erred in finding that the evidence presented proved adultery excluding any other reasonable hypothesis, and
3. That the trial court erred in not granting a divorce to the parties on the basis of living separate and apart for one year without reconciliation.
LITIGATION OF FAULT IN SEPARATION SUIT:
Appellant contends since the issue of fault in connection with the separation was previously litigated in the 22nd Judicial District Court, Dr. Helms is precluded from re-litigating his claim of adultery in the instant suit for divorce. Although appellant styled her exception relativé to the re-litigation bar as an exception of “No Right or Cause of Action;” she admits in brief that it is in essence an exception of res judicata.
In Fulmer v. Fulmer, 301 So.2d 622, 625 (La.1974) the Louisiana Supreme Court explained:
the determination of “fault” in the separation proceedings is not res judicata in subsequent divorce proceedings, if only because the cause of action and the thing demanded are not the same, as required by Civil Code Article 2286 [the substance of former article 2286 is now contained in La.R.S. 13:4231 by Acts 1984, No. 331, Section 7, effective January 1, 1985]. [Citations omitted]. (Nevertheless, although not res judicata, the marital fault as determined in the separation proceedings is, for the reasons of legislative intent to be stated, also decisive of the “fault” or freedom from it which determines the wife’s post-divorce right to alimony under Article 160 — that is, at least when the final divorce is sought on the basis of the judicial separation and the statutory period following it without reconciliation, as authorized by La.R.S. 9:302, the basis for the present final divorce.) [emphasis added].
More recently the Louisiana Supreme Court has held “for the purpose of res judicata [c]ause of action essentially refers to the grounds upon which the demand is based.” Lamb v. Lamb, 411 So.2d 1, 2 (La.1982). Therefore, the Lamb court concluded that a suit for divorce based on adultery and a suit for divorce based on living separate and apart for one year “are not suits on the same cause of action.” Id. at 1.
Regardless of the manner in which appellant’s exception was styled, it clearly sets forth with particularity the objection to the alleged re-litigation of adultery and the basis for that objection as well as a prayer that Dr. Helms’ petition for divorce be dismissed. We read Fulmer as allowing the court to consider the issue of re-litigation even when an exception of res judicata is improper.
The thrust of appellant’s argument is that the alleged act of adultery on February 21, 1987 was considered by the trial judge in St. Tammany Parish, having been urged by Dr. Helms in a reconventional demand to the separation suit.
On July 21, 1987 the trial judge in St. Tammany Parish rendered a judgment of “separation a mensa et thoro based on Dr. Helms’ cruel treatment of Mrs. Helms.” He also stated in his judgment that “IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Mrs. Helms is found free from fault in the separation between Dr. and Mrs. Helms [emphasis added.]”
*504 Clearly the St. Tammany Court judgment only considered “fault in the separation”; whereas the instant divorce suit concerns post-physical separation fault as a ground for divorce. Furthermore, the St. Tammany Court indicated in reasons for judgment that “[t]here is no evidence that the adulterous conduct of petitioner began prior to the physical separation of the parties ... post-physical separation fault ... is irrelevant to the determination of fault in [the St. Tammany proceeding] for separation [citing Luquette v. Luquette, 487 So.2d 740 (La.App. 5th Cir.1986); Benoit v. Benoit, 466 So.2d 561 (La.App. 5th Cir.1985); Dooley v. Dooley, 478 So.2d 564 (La.App. 2nd Cir.1986), writ denied, 480 So.2d 741 (La.1986)].”
In Fulmer, supra at 629 the court held: where a judicial separation is decreed as caused by the fault of one spouse or the other, such fault as judicially determined to be the cause of the separation is normally determinative of the issue of whether the husband or the wife is or is not at fault, for purposes of deciding whether the wife is entitled to alimony under Article 160. Such a conclusion is, of course, not applicable if the divorce is sought for post-separation fault, such as adultery; for the sole effect of the separation judgment is a conclusive adjudication as to which spouse’s pre-separation fault primarily caused the separation [emphasis added.]
Since post-physical separation adultery was not subjected to adjudication in St. Tammany Parish then that issue was not “judicially determined” so as to bar its litigation in the present proceeding in Jefferson Parish. Fulmer, supra at 629. The trial court’s consideration of the adultery was not error.
Recently our brothers in the fourth circuit barred a husband from litigating the alleged adultery of his wife in a reconven-tional demand for divorce. Laurent v. Laurent, 369 So.2d 476 (La.App. 4th Cir.1979) writ denied 371 So.2d 1343 (La.1979). In Laurent the husband sued his wife for separation in an earlier suit and the wife reconvened on the basis of mental and physical cruelty. A separation judgment was rendered finding the husband to be at fault. When the wife sued over a year from the judgment for a divorce based on living separate and apart without reconciliation the husband then reconvened on the ground of adultery. The fourth circuit was persuaded by the reasoning in Fulmer, supra at 625 wherein the Fulmer court noted:
We assume that the legislative choice [to bar re-litigation of the judicial determination in a separation suit that a party is at fault in the separation] is based on the judicial economy and consistency represented by having the separation-causing fault determined once and in the separation proceedings itself, rather than litigating (or re-litigating) it in the much later divorce proceedings — where, with different testimony or less recent recollection, the separation-causing fault might even be determined contrary to that determined at an earlier well-tried and hotly-contested separation adjudication. [emphasis added].
Laurent is distinguishable from the case at bar since “the fault [alleged adultery] during the period in question [post-physical separation] ha[d] already been judicially determined in the separation proceeding [Emphasis added.]” Laurent, supra at 478.
In the case at bar Dr. Helms attempted to litigate the adultery in the separation proceeding. All of that evidence, however, was correctly excluded by the trial court in St. Tammany Parish as being irrelevant to the cause of the separation. Therefore, Laurent, supra is distinguishable on its facts since the fault stemming from post-physical separation adultery has never been judicially determined. We do not read Fulmer, supra as totally barring the litigation of post-physical separation fault. Instead, Fulmer bars the re-litigation of fault previously judicially determined.
ADULTERY:
In her third specification of error appellant asserts that the trial court erred in not granting a divorce on the basis of living separate and apart for one year without *505 reconciliation under La.R.S. 9:301. She argues that once an allegation of living separate and apart for the requisite period is offered then the trial court has no discretion but must grant a divorce pursuant to La.R.S. 9:301.
She bases her argument on the cases of Latino v. Latino, 400 So.2d 1152 (La.App. 1st Cir.1981); Nieto v. Nieto, 276 So.2d 362 (La.App. 4th Cir.1973) and Brady v. Brady, 388 So.2d 57 (La.App. 1st Cir.1980).
We conclude, however, that the cases of Nieto, supra, Latino, supra and Brady, supra are inapposite to the case at bar. In all three cases the petition for divorce was based on La.R.S. 9:301. The petition for divorce in the instant case is based upon adultery.
Dr. Helms filed the petition for divorce on March 2,1987. In paragraph two of Dr. Helms’ petition he alleges that the parties have been separate since August 24, 1986. He does not allege that they lived one year separate and apart for purposes of obtaining a divorce pursuant to La.R.S. 9:301. Instead, in paragraph three of the petition he bases his entitlement to a divorce on adultery. At the time Dr. Helms filed his petition for divorce the parties had not yet lived separate and apart for one year. Neither party filed pleadings seeking a divorce pursuant to La.R.S. 9:301.
Although the parties stipulated that on the date of trial (following two continuances) [2] they had lived separate and apart for one year without reconciliation, Dr. Helms did not state that he was abandoning his suit for divorce based upon adultery.
In refusing to grant a divorce on the basis of La.R.S. 9:301 the trial judge evidently concluded that Dr. Helms had not abandoned his cause of action based upon adultery. We agree.
Appellant further contends that the trial judge erred as a matter of law by failing to grant a divorce on the basis of the parties’ stipulation that they had lived separate and apart for one year without reconciliation. La.R.S. 9:301. She argues that once a stipulation of living separate and apart for one year has been offered the court has no discretion but must grant a divorce on that ground since allegations of fault are not relevant.
In the instant case the allegation of post-physical separation adultery is relevant. It was raised by Dr. Helms as his ground for divorce and was never abandoned. Furthermore Mrs. Helms has filed a rule requesting permanent alimony which is presently pending in the 24th Judicial District Court. Although her rule for alimony is not before us; nevertheless, we are guided by Thomason v. Thomason, 355 So.2d 908, 912 n. 8 (La.1978) involving a suit for divorce by a wife based upon her husband’s conviction of a felony and sentence to imprisonment at hard labor and a reconventional demand by the husband on the basis of his wife’s adultery. The Louisiana Supreme Court stated:
Although the question of alimony was not raised at this time, we note that equal fault by both parties was determined in this proceeding even though it was the wife who obtained the divorce. The fault by each was of a serious nature and an independent contributory cause of the divorce and such that would bar the recovery of alimony under C.C. 160. See Kendrick v. Kendrick, 236 La. 34, 106 So.2d 707 (1958). In Fulmer [supra], we held that the determination of fault in a separation proceeding is conclusive of pre-separation fault and cannot be relitigated. To the same effect, determination of fault in a proceeding for immediate divorce is conclusive for purposes of permanent alimony following the divorce. Thus, neither party in the instant suit would be entitled to alimony. [Emphasis added].
Appellant also asserts that post-physical separation fault is irrelevant for La.Civ.C. P. art. 160 alimony and cites Luquette v. Luquette, 487 So.2d 740 (La.App. 5th Cir. *506 1986); Vaughn v. Vaughn, 487 So.2d 681 (La.App. 5th Cir.1986) and Benoit v. Benoit, 466 So.2d 561 (La.App. 5th Cir.1985). Evidently appellant’s argument in this regard is that even if post-physical separation and pre-judicial separation adultery is proven, it is an insufficient basis to bar permanent alimony. We find the cases cited by appellant to be inapposite for the following reasons.
In Adams v. Adams, 389 So.2d 381, 383 (La.1980) the Louisiana Supreme Court held that conduct sufficient “to entitle one spouse to a separation or divorce under [La.Civ.Code Arts. 138(l)-(8) or 139] is sufficient to deprive the other spouse of alimony after a final divorce.” The Adams court concluded “that ‘fault’ for purposes of permanent alimony preclusion is synonymous with the fault grounds for separation and divorce [emphasis added].” Id. at 383.
In Adams, supra the trial court had granted a separation based upon mutual fault. The issue before the Adams’ court was “whether the lower courts erred in determining that plaintiff was at fault in causing the separation [emphasis supplied].” Id. at 382. Her fault was allegedly based upon cruel treatment.
In discussing mutual fault the Adams court reasoned:
Civil Code art. 141 requires a court to grant a separation where both spouses are mutually at fault in causing the separation. The result of such a separation is that neither party can claim alimony, C.C. art. 141. The appellate courts of this state have correctly interpreted the word “fault” to mean conduct constituting an independent fault ground for separation under C.C. art. 138. [Citations and footnote omitted].
* ⅜ ⅜ sjt * *
Civil Code art. 160, dealing with alimony after a final divorce, requires freedom from fault on the part of the claimant spouse as one prerequisite to an award of alimony. In interpreting this requirement, this Court stated in Pearce v. Pearce, 348 So.2d 75, 77 (La.1977):
“We have held that, under this statute respecting an award of alimony to a wife without ‘fault’, the word ‘fault’ contemplates conduct or substantial acts of commission or omission by the wife violative of her marital duties and responsibilities. A wife is not deprived of alimony after divorce simply because she was not totally blameless in the marital discord. [Citations omitted]. To constitute fault, a wife’s misconduct must not only be of a serious nature but must also be an independent contributory or proximate cause of the separation. Kendrick v. Kendrick, 236 La. 34, 106 So.2d 707 (1958).[”]
Id. at 382-383.
Therefore, in considering fault based on separation grounds, the Adams’ court considered whether that fault was not only serious but “an independent contributory or proximate cause of the separation” as well. Id. at 383.
Similarly, in Luquette, supra we held that for cruel treatment to constitute fault sufficient to render living together insupportable pursuant to La.C.Civ.P. Art. 138 it “ ‘must be an independent and proximate cause of the dissolution of the marriage [quoting Lamb v. Lamb, 460 So.2d 634, 640 (La.App. 3rd Cir.1984), writ denied 462 So.2d 1249 (La.1985) ].’ ” Luquette, supra at 742.
In Benoit, supra, the trial court found mutual fault for the separation. We addressed the issue of whether “there was [s]erious misconduct, substantial acts or mental abuse on the wife’s part to support a separation under LSA-C.C. Art. 138, or a divorce under Art. 139” so as to preclude her from obtaining permanent alimony. Id. at 563.
In Vaughn, supra we considered post separation fault and followed our previous reasoning in Schwartz v. Schwartz, 472 So.2d 115 (La.App. 5th Cir.1985) wherein
this court said that if post separation actions could have no bearing on the issue of fault, for purposes of permanent alimony, “.... a spouse not adjudged at fault in the separation might well be *507 inclined to act vindictively toward the other, secure in the knowledge that his or her right to permanent alimony could not thereby be affected” and hence would be contrary to the legislative intent in providing a waiting (cooling off period) between separation and divorce. In the same discussion the organ of this court further pointed out that for post separation faults [sic] based on intemperance, cruel treatment or outrages to serve as a basis for a denial of permanent alimony the acts complained of must truly be cruel and outrageous and surely in the spirit of vindictiveness. Thus, the actions of the wife subsequent to the physical separation here must be viewed in this light.
Vaughn, supra at 684.
In Vaughn, supra the issue was whether the trial court was correct in concluding that the wife was not guilty of such cruel treatment so as to bar her from permanent alimony.
In Schwartz, supra at 116 we concluded “that for purposes of determining post-separation fault, [sufficient to bar permanent alimony] reference must be made to both article 139 and 138” rather than restricting such fault only to “the types of fault specified in art. 139, i.e. adultery or conviction of a felony and a sentence of death or imprisonment at hard labor [emphasis added].” The issue in Schwartz, supra, at 116 was “whether paragraph 3 [art. 138], relating to intemperance, cruel treatment, or outrages which render living together unsupportable is applicable once the spouses are legally separated and living apart.” We concluded that it was applicable and noted:
We emphasize, however, that such fault must not only be serious in nature, but must also be an independent contributory or proximate cause of the final divorce, Boudreaux v. Boudreaux, [407 So.2d 1363 (La.App. 3rd Cir.1981)] and cases cited therein.
We also state that a finding of post-separation fault based on intemperance, cruel treatment or outrages should be made only on clear and convincing proof that the acts alleged were truly cruel and outrageous and were committed purely in a spirit of calculated vindictiveness.
Id. at 117.
Therefore, we are not persuaded by appellant’s argument that a finding of post-physical separation adultery in a divorce action is insufficient to establish fault for purposes of barring a claimant from art. 160 alimony. Adams, supra.
We recently affirmed a trial court’s denial of permanent alimony to a spouse guilty of adultery which occurred after the physical separation. Roberts v. Roberts, 519 So.2d 229 (La.App. 5th Cir.1988). We approved the trial judge’s reasoning in Roberts at 230 wherein he stated:
It is well-settled in Louisiana that post-separation fault on the part of one spouse will preclude that spouse from seeking permanent alimony from the other spouse. [Citations omitted]. In order to preclude an award of permanent alimony, the post-separation fault must be of the magnitute [sic] that it would, if standing alone, constitute grounds for divorce. [Citations omitted]. Post-separation adultery has uniformly been held to be fault of such magnitude that it would preclude permanent alimony. [Citations omitted].
EVIDENCE ESTABLISHING ADULTERY:
The trial judge concluded that Mrs. Helms was guilty of adultery on February 21, 1987. In Vaughn, supra at 685 we stated that “[i]n the area of domestic relations much discretion is left in the trial judge, particularly in evaluating the weight of the evidence which is to be resolved primarily on the basis of credibility of the witnesses.” Furthermore, while “[a]dul-tery may be proved by circumstantial evidence alone but this evidence must be so convincing that it excludes any other reasonable hypothesis but that of guilt of adultery.” Jessen v. Jessen, 386 So.2d 953, 955 (La.App. 3rd Cir.1980). See also Helms v. Helms, 349 So.2d 441 (La.App. 3rd Cir.1977).
*508 We disagree with appellant’s assertion that the evidence of adultery is “flimsy”. Considering the standard of review and the evidence before us we find no error in the trial court’s conclusion that Mrs. Helms was guilty of adultery.
Appellant contends that the trial judge was influenced to find adultery on the basis of photographs showing Mrs. Helms and Dr. Morice kissing and embracing. She argues that these photographs were taken on two occasions prior to February 21,1987 and were introduced over objection. The record, however, establishes that Dr. Helms’ Exhibit Number 2 which depicts Mrs. Helms and Dr. Morice embracing and is dated February 14, 1987 was introduced without objection.
Later when counsel re-introduced Exhibit Number 2 along with Exhibit Number 1 counsel objected to relevancy and this objection was overruled. As his objection to Exhibit Number 2 was untimely, he is precluded from urging it on appeal.
We note, however, that the trial judge did not base his reasons for judgment solely on any photograph or photographs but instead considered all of the circumstantial evidence produced at trial to establish adultery.
The testimony of the private investigators establishes that Mrs. Helms and her alleged co-respondent, Dr. Morice, stayed in the same motel room from 2:00 a.m. to noon on February 21, 1987. Mrs. Helms testified that she and Dr. Morice were good friends who had dinner once or twice a week (although not each week) over a two or three month period. She admitted, however, to kissing Dr. Morice on February 14, 1987. The private investigators observed Dr. Morice with his arm around her waist. Mrs. Helms admitted to being alone with Dr. Morice in the motel room; however, she testified that she had had too much to drink and felt it prudent not to drive. It was Dr. Morice who selected the motel. No explanation was given by Mrs. Helms as to why Dr. Morice spent time behind a closed motel room door with her rather than getting his own room. Nor did Mrs. Helms explain why Dr. Morice chose a Kenner motel when she lives on the North Shore and he lives on the Westbank.
ANSWER TO APPEAL:
Finally we note that Dr. Helms filed an answer to the appeal filed by Mrs. Helms in which he seeks damages for an allegedly frivolous appeal. He contends that Mrs. Helms filed the appeal of the divorce so as to continue to receive alimony pendente lite. He asks that this court include in the damage award for filing a frivolous appeal the alleged over-payment of alimony pen-dente lite. He also seeks attorney’s fees.
In response to the answer, Mrs. Helms has filed a motion to dismiss the answer contending that the record was lodged on November 3,1987 and that the answer filed on February 11, 1988 was “obviously” untimely. The motion to dismiss was referred to the merits on March 8, 1988.
We note that although both parties contend that the record was lodged in this court on November 3, 1987, they are in error. The record was actually lodged on January 26, 1988.
La.C.Civ.P. art. 2133 allows for an answer to an appeal. The answer must be filed “not later than fifteen days after the return day or the lodging of the record whichever is later.” La.C.Civ.P. art. 2133. In this case fifteen days from the date on which the record was lodged would be Saturday, February 9, 1988. That date is a legal holiday in this court. La.R.S. 1:54. Thus, appellee had “until the end of the next day which is not a legal holiday” within which to file. La.C.Civ.P. art. 5059.
Sunday, February 10, 1988, is also a legal holiday. La.R.S. 1:54. Appellee had until Monday, February 11, 1988 within which to file. Since the answer was filed on February 11, 1988 it is timely. Accordingly, we deny appellant’s “Motion to Dismiss Answer Seeking Damages for Frivolous Appeal.”
Considering the motion we find that there is no evidence that Mrs. Helms’ appeal was “taken solely for the purpose of delay” or “that [her] counsel [was] not serious in his advocating the view of law which he represents.” Seago, Patrick, *509 Etc. v. State Farm Mut., 521 So.2d 674, 678 (La.App. 1st Cir.1988). Furthermore, this case presents serious legal issues. Seago, supra. We therefore deny Dr. Helms’ claim for damages for a frivolous appeal. La.C.Civ.P. art. 2164.
Accordingly, for the reasons stated the judgment granting a divorce on the ground of adultery on the part of Mrs. Helms is affirmed at her cost.
AFFIRMED.

. The pleading setting the rule for alimony shows a date which appears to be either the 10th or the 11th.

. Had the matter been heard on either one of the two previous trial dates of June 22, 1987 or August 10, 1977 the parties could not have obtained a divorce under La.R.S. 9:301. The only ground would have been adultery. It is conceivable that a party suing for divorce on adultery could ultimately have his suit heard after one year has elapsed without reconciliation.